VARNEY ENTERPRISES, INC. *vs*. WMF, INC.

Middlesex.  November 2, 1987. — April 6, 1988.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Corporation,* Representation in judicial proceedings, Officers and agents.
  *Practice, Civil,* Small claims procedure.

With the exception of proceedings pursuant to G. L. c. 218, § 21, dealing
  with small claims procedure in the District Court, a corporation may
  not be represented in judicial proceedings by a corporate officer who is
  not an attorney licensed to practice law in the Commonwealth. [80-82]

CIVIL ACTION commenced in the Waltham Division of the
District Court Department on December 11, 1985.

On appeal to the Superior Court Department, a motion to
strike defendant's answer and to enter a default judgment was
heard by *Joseph S. Mitchell, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Donald Kaplan,* pro se.

*Michael L. Pappas* for the defendant.

O'CONNOR, J. In this case, we hold that, except for small
claim matters, a corporation may not be represented in judicial
proceedings by a corporate officer who is not an attorney
licensed to practice law in the Commonwealth.

It appears to be undisputed that Donald Kaplan is vice pres-
ident and chief executive officer of Varney Enterprises, Inc.
(Varney), a close corporation operating a small family printing
business, and that Kaplan is not an attorney. Kaplan filed a
claim on behalf of Varney against WMF, Inc., pursuant to the
small claims procedure in the Waltham Division of the District
Court. The statement of claim asserted that WMF, Inc., owed
Varney a balance of $1,960 on a $4,000 purchase order, but
that Varney would waive $460 of that amount, thus reducing the

claim to the $1,500 maximum small claims jurisdictional amount. See G. L. c. 218, § 21 (1986 ed.). WMF, Inc., counterclaimed for $1,640. The counterclaim arose out of the same transaction that gave rise to Varney's claim. See Dist. Mun. Cts. R. Civ. P. 13 (a) (1975) regarding compulsory counterclaims. WMF, Inc., also moved for transfer of the entire case to the regular civil docket of the District Court. See G. L. c. 218, § 24 (1986 ed.). The motion was allowed. A judge then allowed Varney's motion to amend its claim to allege an indebtedness of $1,960 plus interest. After a trial there was a finding for Varney as plaintiff in the sum of $1,960, and for Varney as defendant-in-counterclaim, and judgment entered. At no time during the District Court proceedings was Varney represented by an attorney. An attorney did represent WMF, Inc.

WMF, Inc., appealed to the Superior Court. See G. L. c. 231, § 97 (1986 ed.). WMF, Inc., moved in the Superior Court that the court strike Varney's answer to the counterclaim and order a default judgment thereon in favor of WMF, Inc. The basis of the motion was that any answer that had been filed (none appears in the record) had been filed on behalf of the corporation by a person not authorized to practice law. A judge allowed WMF, Inc.'s motion. Varney sought relief from a single justice of the Appeals Court. Treating Varney's petition as an appeal from an order disqualifying a party's counsel, as in *Borman* v. *Borman*, 378 Mass. 775, 780 (1979), the single justice authorized an immediate appeal to a full panel of the Appeals Court. Varney, represented by Kaplan throughout, took the necessary steps to perfect the appeal, and, after the appeal was entered in the Appeals Court, we transferred it to this court on our own initiative.

General Laws c. 218, § 21 (1986 ed.), dealing with small claims procedure in the District Court, provides in relevant part: "The administrative justice for the district court department shall make uniform rules . . . subject to the approval of the supreme judicial court, providing for a simple, informal and inexpensive procedure . . . for the determination . . . of claims in the nature of contract or tort, other than slander and libel, in which the plaintiff does not claim as debt or damages

more than fifteen hundred dollars . . . ." Standards have been promulgated pursuant to that statute. Small Claims standard 6:05 (1984) provides: "The role of the attorney may be limited by the court. Others, in addition to attorneys, may be permitted to assist or appear on behalf of the parties." The legislative objective of having a simple, informal, and inexpensive procedure for the determination of small claims is best served by allowing corporations, as plaintiffs or defendants, to appear and function in small claims proceedings through principals or employees not licensed as attorneys. Nothing in our statutes is inconsistent with that proposition. See G. L. c. 221, § 46 (1986 ed.) ("No corporation . . . shall practice or appear as an attorney for any person other than itself in any court in the commonwealth . . .").

However, judicial proceedings other than those specially designed for the determination of small claims do not share the simplicity and informality that are characteristic of small claims procedure. With the limited exception of small claims proceedings, a thorough familiarity with procedural and substantive rules of law on the part of responsible advocates bound by rules of discipline is a prerequisite to the efficient functioning of courts and the proper administration of justice. That proposition has found universal acceptance in the many State and Federal courts that have considered the question whether corporations may appear or be represented in litigation by persons who are not lawyers. See, e.g., *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st. Cir. 1976), and numerous cases cited therein; *Oahu Plumbing & Sheet Metal, Ltd.* v. *Kona Constr., Inc.*, 60 Hawaii 372 (1979), and numerous cases cited therein; *Land Management, Inc.* v. *Department of Envtl. Protection*, 368 A.2d 602 (Me. 1977), and numerous cases cited therein. See also the cases collected in Annot., 19 A.L.R. 3d 1073 (1968 ed. & 1987 Supp.), and 9A Fletcher, Cyclopedia of Corporations § 4463 (perm. 1985 ed. & 1986 Supp.). The unanimity of so many courts, and the sound reasons advanced for the principle they adopt, persuade us to follow them.

We recognize that G. L. c. 221, § 48 (1986 ed.), provides that "[p]arties may manage, prosecute or defend their own

suits personally, or by such attorneys as they may engage." The word "parties" and words of similar import in similar statutes in other jurisdictions have consistently been construed to apply only to natural persons, not corporations, so as not to conflict with the well-established common law principle that corporations must appear and be represented in court, if at all, by attorneys. *In re Las Colinas Dev. Corp.*, 585 F.2d 7, 12 (1st Cir. 1978), cert. denied sub nom. *Schreibman* v. *Walter E. Heller & Co.*, 440 U.S. 931 (1979). *Oahu Plumbing & Sheet Metal, Ltd.* v. *Kona Constr., Inc., supra* at 376. There is no injustice in allowing natural persons to appear pro se, while requiring persons who accept the advantages of incorporation to bear the burden of hiring counsel to sue or defend in court. *Walacavage* v. *Excell 2000, Inc.*, 331 Pa. Super. 137, 142-143 (1984). A person appearing pro se does not represent another, as does a person appearing for a corporation.

We recognize the danger that a defendant in a small claims action brought by a corporation may assert an unfounded counterclaim in excess of the jurisdictional amount for the sole purpose of obtaining a transfer of the case to the regular District Court civil docket,[1] thereby creating the necessity for the corporation to retain counsel. But the recognition of that possibility does not cause us to conclude that a corporation that has invoked the small claims procedure should be permitted to participate in subsequent proceedings outside the small claims procedure without counsel. Rather, other remedies for pleadings filed or procedures taken in bad faith must be invoked, e.g., lawyer discipline, the striking of pleadings pursuant to Mass. R. Civ. P. 11 (a), or the award of costs and counsel fees under G. L. c. 231, § 6F (1986 ed.).

The judgment on Varney's claims was not affected by the order of the Superior Court judge relative to WMF, Inc.'s counterclaim, and it is not affected by this decision. We affirm the judge's order relative to the counterclaim, but we remand the case to the Superior Court with the instruction that an order shall enter providing that the default judgment against Varney

---

[1] We do not intimate that that was done here.

on the counterclaim shall be vacated if, within thirty days of this decision, an attorney appears and files an answer on Varney's behalf.

*So ordered.*