FRANCIS CHOATE BURNHAM *vs.* JUSTICES OF THE SUPERIOR COURT. August 6, 2003. *Supreme Judicial Court,* Appeal from order of single justice. *Attorney at Law,* Admission to practice.

Francis Choate Burnham appeals from an order of a single justice of this court dismissing his complaint for injunctive relief. Burnham had sought an injunction barring the Justices of the Superior Court from "inhibiting" Burnham, who does not claim to be an attorney, from making "arguments in behalf of his clients" — various "individuals and corporations" — in civil actions throughout the Superior Court Department of the Trial Court. On the defendants' motion, the single justice dismissed the complaint. We affirm.

Burnham has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We agree that rule 2:21 applies because the single justice's dismissal of Burnham's complaint effectively denied Burnham relief from interlocutory orders of the trial court supposedly "inhibiting" Burnham from arguing on behalf of his "clients." We conclude that the single justice correctly dismissed Burnham's complaint because neither in the complaint nor in his memorandum does he assert any basis on which he, as a nonattorney, is entitled to represent anyone other than himself.[1] Burnham may not represent other parties in civil actions in the Superior Court without a license to practice law. See *Varney Enters., Inc.* v. *WMF, Inc.,* 402 Mass. 79, 79-82 (1988).[2] See also G. L. c. 221, § 41 (establishing criminal penalties for unauthorized practice of law); G. L. c. 221, § 46A (only licensed attorney in good standing shall practice law). Therefore, he was not entitled to the injunctive relief he sought.

The order of the single justice is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Francis Choate Burnham,* pro se.

---

[1]Burnham made no claim in his complaint or in his memorandum filed pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), regarding any cases in which he sought to represent himself. See G. L. c. 221, § 48 ("Parties may manage, prosecute or defend their own suits personally . . .").

[2]There is no indication on the record before us that any of the cases in which Burnham sought to represent other parties was a small claims case. See *Varney Enters., Inc.* v. *WMF, Inc.,* 402 Mass. 79, 79-82 (1988).