IN THE MATTER OF A SUBPOENA TO THE COMMITTEE ON PROFESSIONAL RESPONSIBILITY FOR CLERKS OF THE COURTS. November 19, 2003. *Moot Question. Practice, Civil,* Moot case.

The Committee on Professional Responsibility for Clerks of the Courts (committee) filed a petition pursuant to G. L. c. 211, § 3, seeking relief from an order of a judge in the District Court requiring the committee to produce records subpoenaed by a defendant in a criminal case who was also the subject of an investigation by the committee. The committee contended that the subpoenaed records were confidential, privileged, and exempt from disclosure. A single justice of this court reserved and reported the matter to the full court. While the reservation and report has been pending, the criminal case against the defendant proceeded to trial in the District Court. The case proceeded without the committee's production of the requested records, and, at trial, the defendant was acquitted. The defendant now moves to dismiss this case before the full court. The committee concedes that the reserved and reported matter is moot, but requests that the court nonetheless decide the matter. We decline the committee's invitation and discharge the reservation and report as moot.

"[W]e have on occasion answered questions in moot cases where the issue was one of public importance, where it was fully argued on both sides, where the question was certain, or at least very likely, to arise again in similar factual circumstances, and especially where appellate review could not be obtained before the recurring question would again be moot." *Lockhart* v. *Attorney Gen.,* 390 Mass. 780, 783 (1984). We have been reluctant, however, to decide constitutional issues that have become moot. *Id.* at 784. Here, the committee itself claims that the case implicates constitutional questions. Moreover, the defendant no longer has a personal stake in this matter, and the case has not been fully briefed (only the committee has filed a brief to date). See *Ott* v. *Boston Edison Co.,* 413 Mass. 680, 683 (1992) (court typically declines to decide moot issue not fully briefed); *Lockhart* v. *Attorney Gen., supra* at 784 (declining to address constitutional issues that are moot "is consistent with the long tradition of not unnecessarily deciding constitutional questions"); *Wolf* v. *Commissioner of Pub. Welfare,* 367 Mass. 293, 298 (1975) (among reasons courts decline to hear moot cases is that "it is feared that the parties will not adequately represent positions in which they no longer have a personal stake"). Contrast *Commonwealth* v. *Bing Sial Liang,* 434 Mass. 131, 134 n.3 (2001) (issue fully briefed); *Upton, petitioner,* 387 Mass. 359, 365 (1982) (questions fully briefed).

Accordingly, we discharge the reservation and report as moot.

*So ordered.*

The case was submitted on the papers filed.

*Dean A. Mazzone*, Assistant Attorney General, for Committee on Professional Responsibility for Clerks of the Courts.

*Max D. Stern* for the respondent.