PAMELA HOBBS[1] & others[2] vs. TLT CONSTRUCTION CORP.
& another.[3]

No. 09-P-1491.

Middlesex. March 18, 2010. - October 27, 2010.

Present: KANTROWITZ, BROWN, & SIKORA, JJ.

*Negligence,* Manufacturer, Causation, Joint tortfeasor. *Practice, Civil,* Instructions to jury, Verdict.

In consolidated civil actions alleging claims of negligence and breach of warranty against multiple defendants arising from a renovation project at a high school, the judge's jury instructions and special questions on causation and joint and several liability caused no discernible error but, rather, reflected a measured and responsible attempt to distill a complex case to allow for different possible findings of fault against the separate defendants. [179-181]

CIVIL ACTIONS commenced in the Superior Court Department on July 8, 1999; September 1, 1999; December 27, 2001; and June 26, 2002.

After consolidation, the case was tried before *Raymond J. Brassard,* J.

*Robert C. Autieri* for the plaintiffs.

*Michael J. Sacchitella* for Martin Surfacing, Inc.

BROWN, J. This appeal has its genesis in a series of lawsuits brought by various individuals for injuries sustained during a renovation project at Gloucester High School, including the

---

[1] By her parents, guardians, and next friends, Deborah Walkama and Philip Hobbs.

[2] Darcy Ciaramitaro-Didion, Lindsay Knowlton, Robert Magnarelli, Jaclyn Piraino, Lisa Scola, Rachel Somers, Cassandra Spencer, Alicia Rowe, Jada Lafond, Joseph Maletti, and Erin Jameson. Of the original twenty-two plaintiffs, only these twelve plaintiffs have appealed.

[3] Martin Surfacing, Inc. (Martin Surfacing). Only Martin Surfacing is a party to this appeal.

alleged negligent installation of defective flooring by Martin Surfacing, Inc. (Martin Surfacing). The plaintiffs' appeal concerns only one of the three original defendants, Martin Surfacing.[4] Martin Surfacing manufactured and, as a subcontractor, installed the flooring materials used in the project.

The plaintiffs' action against Martin Surfacing alleged negligence and breach of warranty. The plaintiffs' specific complaint was that the flooring materials manufactured and installed by Martin Surfacing, and, in particular, the isocyanates in the flooring, emitted noxious fumes that caused a variety of ailments, including skin irritations, allergies, respiratory problems, and other diseases. The jury rendered verdicts, on special questions,[5] and found that Martin Surfacing was negligent in handling the isocyanates, but that Martin Surfacing's negligence as to this substance was not a "substantial contributing factor" in causing the plaintiffs' injuries.[6]

The plaintiffs' primary argument pressed on appeal is that the trial judge misinstructed the jury as to causation (and damages) and as to joint and several liability of joint tortfeasors, by failing to instruct in accordance with the standard articulated in *O'Connor* v. *Raymark Indus., Inc.*, 401 Mass. 586, 591-592 (1988).[7] Passing the question whether the plaintiffs made *specific* objections to those issues below,[8] we discern no reversible error.

---

[4]The defendant architect settled before trial. The jury found defendant TLT Construction Corp. (TLT), the general contractor, liable for excessive construction dust, which caused at least some of the plaintiffs' claimed injuries.

[5]The verdict slips separated the potential causes of harm and injury to the plaintiffs into three subparts: isocyanates, volatile organic compounds (VOCs), and construction dust. Under the subparts concerning VOCs and isocyanates, there were questions for determination by the jury relating to the defendants TLT and Martin Surfacing as to negligence, causation, and damages as they pertained to each contaminant. Under the subpart concerning construction dust, the verdict slip inquired only as to TLT's liability. As noted above (see note 4, *supra*), the jury found TLT liable for harm to the plaintiffs caused by the construction dust. As to VOCs, the jury found no negligence. No party has appealed from these determinations.

[6]The jury also found that Martin Surfacing did not breach any warranties.

[7]"[I]f two or more wrongdoers negligently contribute to the personal injury of another by their several acts, which operate *concurrently*, so that in effect the damages suffered are rendered *inseparable*, they are jointly and severally liable" (emphasis supplied). *O'Connor*, 401 Mass. at 591 (citations omitted).

[8]"The 'rationale behind the requirement of a specific [objection] is to enable the judge to make any necessary correction' at trial." *Commonwealth* v. *Vasquez*,

The judge broke this extraordinarily complex case down into digestible and understandable elements for the jury and for their verdicts.

The judge's instructions and the jury slip were the subject of protracted — more than a day — discussions between the parties. The plaintiffs objected to the proposed verdict slip and jury instructions pertaining to causation, contribution and indemnification issues, and the apportionment of fault and damages. In our opinion, the injuries allegedly caused by the defendants, however, were not indivisible; they were specifically the result of three different categories of toxic substances that were emitted by separate acts of TLT or Martin Surfacing.

The trial judge's instructions and verdict slip (which has the status of an instruction to the jury) reflect a measured and responsible attempt to discern some reasonable view of the case which allowed for different possible findings of fault against the separate defendants. In other words, the judge constructed the verdict slip to flush out any potential liability of Martin Surfacing

---

456 Mass. 350, 358 (2010) (citations omitted). See *Matsuyama* v. *Birnbaum*, 452 Mass. 1, 35 (2008).

By the verdict questions and by his oral instructions, the judge informed the jury that for liability they must find Martin Surfacing's management of isocyanates to have been a "substantial contributing factor" in the causation of the plaintiffs' injuries. On appeal the plaintiffs argue that the judge should have added a refinement stated by *O'Connor* that a substantial contributing factor need not be a necessary or "but for" cause of those injuries. 401 Mass. at 591-592. However, our inspection of the record shows that the plaintiffs never requested the "but for" exemption specified by the language of *O'Connor*. We have examined closely their written requests for instructions, the transcript of the extensive precharge conference and discussions, and the transcript of the sidebar conference immediately after the oral instructions and before the beginning of jury deliberation. None contains the necessary particularized request or objection. Specificity became all the more important in a trial of this magnitude (more than two months' duration) and complexity (multiple plaintiffs, defendants, theories of liability, and defenses).

Rule 51(b) of the Massachusetts Rules of Civil Procedure, 365 Mass. 816 (1974), governs the issue. "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection*" (emphasis supplied). A jury instruction given without adequate objection becomes the law of the case. See *Gendreau* v. *C.K. Smith & Co.*, 22 Mass. App. Ct. 989, 990 (1986); *Bisson* v. *Eck*, 40 Mass. App. Ct. 942, 943-944 (1996); *Kobico, Inc.* v. *Pipe*, 44 Mass. App. Ct. 103, 109-110 & n.9 (1997).

which the plaintiffs may have been pursuing through their theory of concurrent liability and indivisible injury. Viewed in this light, the verdict slip questions precluded any possible error or prejudice to the plaintiffs.[9]

*Amended judgments affirmed.*

---

[9]Martin Surfacing's request for double costs on appeal is denied.