NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12266


BHARANIDHARAN PADMANABHAN  vs.  KIMBERLEY YOUT.


May 26, 2017.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, Bharanidharan Padmanabhan, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3.  We affirm.

In 2013, the respondent, Kimberley Yout, commenced a product liability action in the Superior Court against Biogen Inc. and Elan Pharmaceuticals, LLC, related to a medication used to treat multiple sclerosis.  She subsequently amended her complaint to include Padmanabhan, a medical doctor, and his company, Scleroplex, Inc., claiming medical malpractice stemming from Padmanabhan's treatment of her multiple sclerosis with that medication.  Padmanabhan moved to dismiss the claims against both him and, purportedly, Scleroplex, on several bases:  that venue was improper, that service was improper and ineffective, and that the claims were barred by the applicable statute of limitations.[1]  The motion was denied.  Padmanabhan then filed his G. L. c. 211, § 3, petition, which the single justice denied without a hearing.

---

[1] As the trial court judge properly noted, although Padmanabhan, who is not a lawyer, is free to represent himself, he may not represent another person or entity, including Scleroplex.  See Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 79 (1988) ("[A] corporation may not be represented in judicial proceedings by a corporate officer who is not an attorney licensed to practice law in the Commonwealth").

Because the trial court ruling from which Padmanabhan seeks relief -- the denial of his motion to dismiss -- is interlocutory, Padmanabhan's appeal to this court is subject to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  That rule requires an appellant to file a preliminary memorandum and appendix showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  Padmanabhan has not done so.  Instead of filing a preliminary memorandum under the rule, he filed instead a full appellate brief.  This failure to comply with the rule defeats the purpose of the rule and is basis alone for us to decline to disturb the single justice's judgment.  Rasten v. Northeastern Univ., 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001).[2]  More importantly, even in his brief he has not made a showing why review of the denial of his motion to dismiss cannot adequately be obtained on appeal from any final adverse judgment in the trial court; he has not, in fact, even addressed the issue.

This court's extraordinary power of general superintendence under G. L. c. 211, § 3, is not a shortcut for the normal process of trial and appeal.  See Foley v. Lowell Div. of the Dist. Court Dep't, 398 Mass. 800, 802 (1986) ("Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied").  All of the claims Padmanabhan raised in his petition in this case are remediable in the normal course.  The single justice therefore did not err or abuse his discretion in denying the petition.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Bharanidharan Padmanabhan, pro se.
Kimberly A. Dougherty for the respondent.

---

[2] This is not the first time that Padmanabhan has appealed to this court from the denial of a G. L. c. 211, § 3, petition and failed to pursue the appeal pursuant to the applicable rules.  See Padmanabhan v. Centers for Medicare & Medicaid Servs., 476 Mass. 1018, 1019 (2017).