In 2010, plaintiffs Wilson Osorno, Bodhisattva Skandha, and Larry Dale Wampler, Jr., filed a complaint in the Superior Court challenging the screening procedure that the Committee for Public Counsel Services (CPCS) uses to determine whether to represent indigent defendants in postconviction matters in which a defendant has no State or Federal right to counsel. The complaint alleged that the screening procedure, which resulted in Osorno's and Wampler's requests for representation being denied, violated various constitutional and civil rights of the plaintiffs, as well as antitrust laws.
Unlike those of Osorno and Wampler, Skandha's request for representation was granted, and CPCS appointed defendant Michael Cutler to represent him. The complaint further alleged that Cutler failed to return Skandha's case file to him after the representation had concluded.[5]
In a thoughtful memorandum of decision, a Superior Court judge allowed the motion to dismiss filed by CPCS, defendant Terry Scott Nagel, and defendant William Leahy, and the motion for judgment on the pleadings filed by defendant Mary Rogers. A second Superior Court judge later allowed Cutler's motion to dismiss, incorporating by reference the reasoning in the first judge's memorandum and decision and further stating, "With defendant Cutler having agreed to return the complained-of file to defendant Skandha, there is no pending issue before the Court, and the defendant Skandha's complaint is thus Dismissed."
In this appeal from the judgment dismissing the complaint, Skandha filed a brief purporting to represent all three plaintiffs. To the extent Osorno's and Wampler's appeals are before us-Osorno does not appear to have filed a notice of appeal, and Wampler has not filed a brief-we do not consider any arguments raised by Skandha on their behalf. Skandha is not an attorney and is not entitled to represent anyone other than himself. See Burnham v. Justices of the Superior Ct., 439 Mass. 1018, 1018 (2003).
Nor do we consider Skandha's arguments with respect to the CPCS screening process. The record establishes that Skandha was not injured by CPCS's screening process. Rather, CPCS appointed Cutler, who represented Skandha in this court, appealing an order denying his motion for a new trial, and in an application for further appellate review. Having no personal interest in the claim that CPCS's screening process violates the rights of indigent defendants, Skandha has no standing to assert that claim. See Slama v. Attorney Gen., 384 Mass. 620, 624 (1981), quoting from Barrows v. Jackson, 346 U.S. 249, 255 (1953) ("[O]rdinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party"). Moreover, indigent defendants have no constitutional or statutory entitlement to representation in postconviction, postappeal proceedings. See Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001, 1001 (2012). See also G.L.c. 211D, § 5.
Finally, we discern no error in the dismissal of the claims against Cutler with respect to Skandha's case files. The second judge found that Cutler agreed to provide his files to Skandha, and within days, Cutler did so, filing a copy of his cover letter to Skandha with the Superior Court. Any issue with respect to Cutler's files is now moot. See Matter of a Subpoena to the Comm. on Professional Responsibility for Clerks of the Court, 440 Mass. 1022, 1022 (2003).
Judgment affirmed.

The complaint also alleged that Skandha requested documents from defendant Terry Scott Nagel, who stated that he did not possess the documents.