Kurbatzky has now filed what appears to be a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), although she is not challenging any interlocutory ruling of the trial court. In fact, she is not challenging any specific ruling at all, but rather the validity of the indictments themselves. Regardless whether rule 2:21 applies, however, she is not entitled to relief pursuant to G. L. c. 211, § 3. Her remedy as to the indictments is to seek their dismissal in the trial court. Indeed, just prior to filing *352 her G. L. c. 211, § 3, petition, she did just this.[2]
This case does not, in short, present a situation where extraordinary relief from this court is required, and the single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.
Judgment affirmed.
The case was submitted on the papers filed, accompanied by a memorandum of law.

That motion has since been denied and is not the subject of, or relevant to, this appeal. We note, in any event, that Kurbatzky is not entitled, under G. L. c. 211, § 3, to interlocutory review of the denial of the motion to dismiss. We have said repeatedly that "[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule." Bateman v. Commonwealth, 449 Mass. 1024, 1024-1025, 868 N.E.2d 606 (2007), quoting Jackson v. Commonwealth, 437 Mass. 1008, 1009, 770 N.E.2d 469 (2002). See Ventresco v. Commonwealth, 409 Mass. 82, 83-84, 565 N.E.2d 404 (1991), and cases cited.