NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12490

DENNIS SENA  vs.  COMMONWEALTH.

October 31, 2018.


Supreme Judicial Court, Superintendence of inferior courts.


Dennis Sena filed a petition for relief under G. L. c. 211, § 3, in the county court, seeking review of a Superior Court judge's order denying his motion to withdraw a guilty plea and to enforce a plea agreement.  The single justice essentially denied the petition, and Sena appeals.

Sena has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), although he is not challenging an interlocutory ruling of the trial court.  Even though the rule does not apply in this situation, it is evident on the record before us that review under G. L. c. 211, § 3, is not warranted because an adequate alternative remedy is available:  specifically, an appeal to the Appeals Court from the Superior Court's denial of the request to withdraw the guilty plea.  Indeed, Sena filed a notice of appeal from the judge's order, and his appeal has been docketed in the Appeals Court.  "This court's extraordinary power of general superintendence under G. L. c. 211, § 3, is not a shortcut for the normal process of . . . appeal."  Padmanabhan v. Yout, 477 Mass. 1012, 1013 (2017).

A judgment shall enter in the county court denying the petition under G. L. c. 211, § 3.

So ordered.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Dennis Sena</u>, pro se.