NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12613

JAMES DICKEY & another[1]  vs.  INSPECTIONAL SERVICES DEPARTMENT OF BOSTON.


April 11, 2019.


Supreme Judicial Court, Superintendence of inferior courts.  Limited Liability Company.  Practice, Civil, Standing, Receiver.


The petitioner James Dickey appeals from a judgment of a single justice of this court denying his petition for extraordinary relief pursuant to G. L. c. 211, § 3.  Dickey, who is not represented by counsel, sought relief from an order of the Housing Court denying his motion to remove a receiver appointed with respect to real property owned by the other named petitioner, East Fourth Street, LLC, of which Dickey is apparently the sole member and manager.  We affirm.

The underlying petition to appoint a receiver in the Housing Court named as defendants "East Fourth Street, LLC" and James S. Dickey, Manager."  Dickey appeared pro se to contest the appointment of a receiver.  The Housing Court rejected Dickey's arguments and appointed a receiver in an order dated May 25, 2018.  Dickey filed a motion to reconsider or to remove the receiver.  The Housing Court denied the motion in an order dated June 21, 2018, stating, "To the extent that Mr. Dickey filed the motion in his individual capacity, he is not a party and has no standing to appear before the court; if he has filed the motion in his capacity as manager of the East Fourth Street LLC, he must be represented by counsel."

---

[1] East Fourth Street, LLC.

Dickey initially sought review of the latter order from a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par. The single justice declined to grant relief. Dickey then filed a petition in the county court pursuant to G. L. c. 211, § 3, again asserting his request to remove the receiver and arguing that he had standing to seek such relief. The single justice denied the petition, stating that "[r]elief under G. L. c. 211, § 3, is available only under exceptional circumstances, and generally is not available where there are alternative remedies. . . . The petitioner has not demonstrated that such extraordinary relief is appropriate here." Dickey now appeals.

We affirm, for several reasons. First, we agree with the Housing Court that Dickey, who is not an attorney, cannot present arguments on behalf of his limited liability company, which is the owner of the property that has been placed into receivership. It is well settled under Massachusetts law that, with one very limited exception not applicable here, "corporations must appear and be represented in court, if at all, by attorneys." Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 82 (1988). Accord Rental Property Mgt. Servs. v. Hatcher, 479 Mass. 542, 549 n.7 (2018). We have applied this rule both to business corporations, see Varney Enters., Inc., supra, and to limited liability companies. See Kurbatzky v. Commonwealth, 480 Mass. 1008, 1008 n.1 (2018). See also Laverty v. Massad, 661 F. Supp. 2d 55, 62 (D. Mass. 2009), citing First Taunton Fin. Corp. vs. Arlington Land Acquisition-99, LLC, Mass. Super. Ct., No. 034449BLS (Suffolk County Feb. 27, 2006) (applying Massachusetts law to conclude that "a member of [a limited liability company] cannot bring an action in his own name to enforce the rights or redress the injuries of the [limited liability company]"). This is appropriate because Massachusetts limited liability companies, like Massachusetts business corporations, are legal entities with the rights to sue and be sued separate and apart from their shareholders and members. See G. L. c. 156C, § 55. Also, as the name implies, limited liability companies limit the liability of their members, similarly to corporations with respect to corporate shareholders. See Cook v. Patient Edu, LLC, 465 Mass. 548, 553 & n.12 (2013). Thus, our observation in Varney Enters., Inc., 402 Mass. at 82, that "[t]here is no injustice in allowing natural persons to appear pro se, while requiring persons who accept the advantages of incorporation to bear the burden of hiring counsel to sue or defend in court," applies equally to persons who accept the advantages offered by organizing their businesses as limited liability companies.

Second, as a corollary, we hold that Dickey's ownership interest in East Fourth Street, LLC, does not give him standing to raise the claims of the company, pro se, in his individual capacity.  To hold otherwise would be to vitiate the principles that corporations and limited liability companies are entities that exist separate and distinct from the individuals who own them and that for purposes of suing and being sued they must therefore be represented by attorneys.

Finally, even apart from the question of Dickey's lack of standing, we note that G. L. c. 211, § 3, is generally not an appropriate avenue to challenge an order appointing a receiver.  Rather, such orders are immediately appealable to the Appeals Court under the doctrine of present execution.  See, e.g., Albre v. Sinclair Constr. Co., 345 Mass. 712, 712-713 (1963); Wax v. Monks, 327 Mass. 1, 2-3 (1951); New England Theatres, Inc. v. Olympia Theatres, Inc., 287 Mass. 485, 490 (1934), cert. denied sub nom. E.M. Loew's, Inc. v. New England Theatres, Inc., 55 S. Ct. 509 (1935).

For all of these reasons, the single justice did not err or abuse her discretion in denying the petition.

Judgment affirmed.

James Dickey, pro se.
Robert S. Arcangeli, Assistant Corporation Counsel, & Stuart T. Schrier, for the respondent, were present but did not argue.