NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-995

LIGHTHOUSE EARLY LEARNING CENTER

vs.

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Lighthouse Early Learning Center, appeals from orders of the single justice denying (1) its petition to reinstate its appeal of an order of the Superior Court dismissing its complaint, which had been docketed as 21-P-837, (2) reconsideration, and (3) a motion for clarification. We affirm.

On February 27, 2019, Bahig Bishay purported to file a complaint on behalf of Lighthouse in the Superior Court, challenging certain decisions of the Massachusetts Commission Against Discrimination (commission). At the time, Bishay, who is not an attorney, was "permanently enjoined from filing any action at law or in equity against any party in any Massachusetts state court of original jurisdiction without fully complying with" a specified procedure. Bell Atl. Yellow Pages

Co. vs. U.S. Auto Exch. Group Ltd., Mass. Super. Ct., No. 0077CV1838 (Essex County Apr. 28, 2014). That procedure required, among other things, that any filing must be signed "pro se or shall be filed on their behalf by a licensed member of the Massachusetts Bar," and be accompanied by a copy of the order. It further provided that any complaint filed by Bishay or on his behalf would be screened by the Regional Administrative Justice to determine if the claims were frivolous. Finally, the order stated that Bishay was not an attorney and would not be permitted to make any arguments on behalf of his wife, a codefendant.

Notwithstanding this order, Bishay filed this action purporting to represent Lighthouse. On March 11, 2019, a judge of the Superior Court denied permission to file the complaint for, among other reasons, the lack of signature of a licensed attorney. Undeterred, Bishay continued to file motions for hearing and for reconsideration on behalf of Lighthouse. Lighthouse's complaint was dismissed in October of 2019, and judgment entered, actions which Bishay sought to vacate.[1] When those efforts were unsuccessful, he sought to file an appeal on

---

[1] The judge's initial order rejected Lighthouse's complaint for lack of a legal representative, and stated that to the extent that the complaint was brought on behalf of Bishay, it failed to state a claim upon which relief could be granted. Ultimately, judgment entered on the latter ground.

behalf of Lighthouse, and filed several motions in the Superior Court, all of which were denied on the ground that they had not been signed by an attorney.  A single justice of this court also issued a similar order on October 7, 2021, in the underlying case on appeal:

> "In connection with the underlying appeal, the plaintiff/appellant is identified as Lighthouse Early Learning Center (LELC).  In the motion for stay papers, it is represented that LELC 'is a community-based daycare program offered by Arabic Evangelical Baptist Church,' but that LELC is not a corporation.  The record does not reveal whether LELC is a legal entity.  Mr. Bahig Bishay, who signed the pleadings in connection with this appeal (and also the motion for stay), is not a licensed attorney.  The motion for stay also represents that Mr. Bishay 'has no financial interest in LELC.'  As a non-attorney, Mr. Bishay may not represent other parties before this court.  Burnham v. Justices of the Superior Court, 439 Mass. 1018, 1018 (2003); Varney Enters. v. WMF, Inc., 402 Mass. 79, 82 (1988).  Accordingly, in connection with any further pleadings or briefs filed by the appellant in this appeal, such pleadings or briefs must be signed by an appropriate authorized representative or they will not be accepted for filing."

Lighthouse Early Learning Center vs. Massachusetts Comm'n Against Discrimination, Mass. App. Ct., No. 21-P-837 (Oct. 7, 2021).

Bishay ignored this order as well and continued to file motions on behalf of Lighthouse.  Lighthouse did not secure counsel to prosecute its appeal.  This court issued a notice preceding dismissal of the appeal on November 19, 2021, and ultimately dismissed the appeal on December 20, 2021, for

3

nonprosecution, pursuant to Rule 19 of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1012 (2020).

At this juncture, Lighthouse secured counsel, and filed a motion to reinstate the appeal. The single justice denied the motion for failure to demonstrate good cause. Counsel to Lighthouse filed an amended motion, which was treated as a motion to reconsider, and was also denied by the single justice. Lighthouse, through counsel, then filed a motion for clarification, which was denied, and a motion for reconsideration which the single justice treated as a notice of appeal of the denial of the motion to reinstate appeal, the motion to reconsider, and the motion for clarification.

The motion to reinstate the appeal and the motion for reconsideration were directed to the sound discretion of the single justice. We review for an abuse of discretion or error of law. See Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 123 (2019). "[A] motion to reinstate an appeal is an extraordinary request and should not be granted lightly." Commonwealth v. Hurley, 391 Mass. 76, 79 (1984). "[A]n appellant . . . must show (1) that the delay was caused by excusable neglect and (2) a meritorious case on appeal (except where the delay was caused by a lack of notice)." Howard, supra.

We discern no abuse of discretion or error of law. As a nonlawyer, Bishay was not permitted to represent "other parties in civil actions . . . without a license to practice law." Braxton v. Boston, 96 Mass. App. Ct. 714, 717 (2019), quoting Burnham v. Justices of the Superior Court, 439 Mass. 1018, 1018 (2003). See also Varney Enters. v. WMF, Inc., 402 Mass. 79, 79–82 (1988). In this case, the single justice permissibly declined to reinstate the appeal "because neither in the complaint nor in his memorandum d[id the appellant] assert any basis on which [Bishay], as a nonattorney, [wa]s entitled to represent anyone other than himself." Burnham, supra. See Howard, 96 Mass. App. Ct. at 122 & n.11 (authority of single justice to deny motion to reinstate). Moreover, Bishay had been expressly barred from representing others by a previous order of the Superior Court, an order which he and Lighthouse ignored. Lighthouse repeatedly failed to comply with the procedural rules for filing claims and appeals by permitting Bishay to represent it. Accordingly, Lighthouse failed to demonstrate good cause, and the single justice's decision did not "fall[] outside the range of reasonable alternatives[.]" L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). There being no error in the original single justice order, there was no error in denying the later filed motions for reconsideration and clarification.

Lighthouse attempts to pull the case back from the brink with three arguments. First, it claims that after Bishay filed a motion for leave to file a petition pursuant to G. L. c. 211, § 3, seeking relief from the single justice's October 7, 2021 order in 21-P-837, the Supreme Judicial Court denied the motion on the ground that Bishay had an adequate appellate remedy in the Appeals Court. See Lighthouse Early Learning Center vs. Massachusetts Comm'n Against Discrimination, Mass. Supreme Jud. Ct., No. SJ-2022-M005 (Mar. 9, 2022). From this order Lighthouse seeks to extrapolate a command that the appeal be heard on the merits. The Supreme Judicial Court's order, which warned Lighthouse of the dangers of representation by a nonlawyer, did not require this court to rule in any particular manner.[2] Rather, the court pointed out that the availability of an appellate remedy militated against the extraordinary remedy of relief under G. L. c. 211, § 3, and that it was up to the Appeals Court to decide whether Bishay could pursue the appeal "late."

Second, Lighthouse asserts that the rule requiring that counsel represent any entity other than a natural person in

---

[2] In pertinent part, the March 9, 2022 order stated "if LELC insists on representation by Bishay, it can, at its own peril, await a resolution by a panel of the threshold question whether Bishay may indeed represent them."

6

court should be revisited. The law in this area is long-standing and well established, and we are not at liberty to deviate from the statutes governing the practice of law, see G. L. c. 221, § 46A, or to overrule the holdings of the Supreme Judicial Court. See Burnham, 439 Mass. at 1018. Moreover, this case is particularly ill-suited to such a challenge. Bishay has filed scores of cases in the Superior Court, this court, and the Supreme Judicial Court, prompting a nine year old screening order in the Superior Court barring the filing of frivolous pleadings. The appeal in this case was dismissed because Bishay did not follow the rules of the court. This is not the case to test the proposition that trained lawyers should be retained to represent and protect parties to litigation.

Third, Lighthouse claims that the question of commission procedure presented is an important one and should be heard now that Lighthouse has counsel. However, Lighthouse has not cited any authority to establish that there is jurisdiction to hear this matter which is pending at the commission. See Temple Emanuel of Newton v. Massachusetts Comm'n Against Discrimination, 463 Mass. 472, 478 (2012). Cf. Grandoit v. Massachusetts Comm'n Against Discrimination, 95 Mass. App. Ct. 603, 604 (2019) (Superior Court has no jurisdiction to hear appeal from lack of probable cause finding). The commission

7

acknowledges that Lighthouse may appeal any properly preserved issue at such time as the case is decided at the commission.

Single justice orders dated September 16, 2022, September 26, 2022, and October 5, 2022, affirmed.

By the Court (Sullivan, Desmond & Singh, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  May 11, 2023.

---

[3] The panelists are listed in order of seniority.