NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1034

ELIZABETH CERDA & another[1]

vs.

MICHAEL DUNN[2] & another.[3,4]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case arises from a series of disputes between the plaintiff, Elizabeth Cerda, and the defendants, Michael Dunn and Michael Donahue, over the administration of the condominium association to which they belong.[5] A Superior Court jury

---

[1] Carmen Berges.

[2] Individually and as trustee of the 10 Porter Street Condominium Trust.

[3] Michael Donahue, individually and as trustee of the 10 Porter Street Condominium Trust.

[4] We take the caption from the plaintiffs' amended complaint, as is our custom. Berges did not participate in this appeal but instead filed a separate appeal.

[5] For more detailed background on the disputes, see Trustees of the 10 Porter St. Condominium Trust v. Cerda, 99 Mass. App. Ct. 1106 (2021), which we incorporate by reference.

returned a verdict for the plaintiff, awarding her damages for claims of abuse of process and intentional interference with a contract. The plaintiff also obtained a declaratory judgment, pursuant to G. L. c. 183A, adjudicating certain rights of the parties as it relates to the condominium association. The judgment granted equitable relief to the plaintiff, waived an assessment against her, prohibited the defendants from trusteeship of the association, and prescribed certain actions for future trustees of the association. In this cross appeal, the parties each raise several issues, which we will address in turn. For the reasons discussed below, we affirm.

Background. We briefly summarize the facts as the jury could have found them. The underlying controversy between the parties arose when the plaintiff and her mother, each an owner of a unit in the condominium association, placed surveillance cameras in various locations on the property. The defendants, as trustees of the association, demanded the plaintiff remove her cameras and assessed fines against her when she refused. The defendants also issued special assessments, ostensibly requiring all owners in the association to pay a portion of costs for repairs, legal fees, and insurance premiums. The plaintiff disputed the assessments but eventually paid under protest. The defendants reported to the plaintiff's bank, who held her mortgage, that the plaintiff was in arrears on

2

condominium fee payments.  This caused the bank to pay the fees on the plaintiff's behalf to preserve its security interest in the property.  The bank, per the mortgage contract, subsequently collected the fees directly from the plaintiff in addition to attorney's fees.  The defendants commenced collection actions against the plaintiff, which were adjudicated in a separate lawsuit.[6]

While that case was pending, the plaintiff filed a complaint against the defendants alleging breach of fiduciary duty, abuse of process, and tortious interference with contractual relationship.  She also sought declaratory and injunctive relief regarding the placement of her cameras and the administration of the condominium association.  Eventually, after five years, the case proceeded to a jury trial.  At trial, the judge dismissed the claim for breach of fiduciary duty.  The remaining two tort claims proceeded to the jury via a general verdict slip.  The judge also posed special questions to the jury to aid in the declaratory judgment.  The jury returned verdicts in favor of the plaintiff totaling $460,000.

Discussion.  1.  Defendants' issues.  a.  Verdict form.  As they did at trial, the defendants challenge on appeal the general verdict form with special questions submitted by the

---

[6] See Trustees of the 10 Porter St. Condominium Trust v. Cerda, 102 Mass. App. Ct. 1120 (2023), for more background.

3

judge to the jury. The form, in relevant part, asked the jury to decide whether each defendant abused process or interfered with the plaintiff's mortgage contract, and, if so, to allocate damages to the plaintiff. The defendants argue, with no citation to authority, that the form constituted error because it did not differentiate claims against them individually from claims against them in their capacity as trustees.[7] Having failed to cite any legal authority, the defendants have waived this claim on appeal. See Lolos v. Berlin, 338 Mass. 10, 14 (1958) (appealing party's "duty is to assist the court with argument and appropriate citation of authority"); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (contentions of party must include citations to pertinent legal authority). Even if not waived, the claim, essentially challenging the jury instructions,[8] Hobbs v. TLT Constr. Corp., 78 Mass. App. Ct. 178, 180 (2010), evinces no prejudicial error. See Kelly v. Foxboro Realty Assocs., LLC, 454 Mass. 306, 310 (2009), quoting Masingill v. EMC Corp., 449 Mass. 532, 540 n.20 (2007) ("When reviewing jury instructions to which there has

---

[7] We note that the defendants cited no authority in support of this argument, nor did they cite to the record of the judge's jury instructions, nor did they properly cite the standard of review.

[8] Indeed, the judge did not instruct the jury on different theories of liability, so a verdict form reflecting such an instruction would have constituted error.

4

been an objection, we conduct a two-part test:  'whether the instructions were legally erroneous, and (if so) whether that error was prejudicial'").

The defendants point to language in the 10 Porter Street Condominium Declaration of Trust that entitles them to indemnity for "liabilities in contract and in tort" incurred in the execution of the trust.  They argue this language entitled them to a verdict slip that specified whether they were acting in their capacity as trustees when they incurred the liability in question -- if they acted as trustees, they contend that they would be entitled to indemnification and could not be considered personally liable under the language of the trust instrument. The defendants' attempt to avoid liability by distinguishing their personal acts from acts taken as trustees is foreclosed by the entirety of the verdict slip.  Answering special questions, the jury concluded that both defendants performed their duties "in bad faith, meaning with a motive of self-interest or with ill will towards [the plaintiff]."  That specific finding of "bad faith" would have precluded the defendants from invoking the trust's indemnification provision that required actions by the trustees to be taken in "good faith."  Therefore, the defendants did not suffer any prejudice from the absence of the instruction.

b.  Motion for new trial.  The jury awarded the plaintiff damages totaling $460,000.[9]  The defendants, arguing the damages were excessive, moved for a new trial or to amend the judgment, pursuant to Mass. R. Civ. P. 59 (a), (e), 365 Mass. 827 (1974), which the judge denied.  We review a trial judge's decision on such a motion for abuse of discretion.  See W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993).  A trial judge should grant a motion for a new trial in a civil case only where "the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, failed to come to a reasonable conclusion."  Id. Furthermore, "[a]n award of damages must stand unless . . . to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law."  Reckis v. Johnson & Johnson, 471 Mass. 272, 299 (2015), cert. denied, 577 U.S. 1113 (2016), quoting Labonte v. Hutchins & Wheeler, 424 Mass. 813, 824 (1997).  "It is an error of law if 'the damages awarded were greatly disproportionate to the injury proven or represented a

---

[9] For the abuse of process claim, the plaintiff was awarded $160,000 for her costs, $129,000 for emotional harm, and $28,000 for harm to her reputation.  For the intentional interference with contract claim, she was awarded $30,000 for her costs and $113,000 for emotional harm.

6

miscarriage of justice.'"  Reckis, supra, quoting Labonte, supra.

For abuse of process, plaintiffs "must show that damage occurred as the natural and probable consequences of the wrong done."  Quaranto v. Silverman, 345 Mass. 423, 427 (1963).  The costs of defending against an improper action, the emotional harm a party suffers, and the harm to the party's reputation are compensable categories of damages for an abuse of process claim so long as the specific damages are affirmatively proved.  See Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 645 (2010).  For an intentional interference action, a plaintiff must show economic harm and may advance a claim for consequential emotional distress damages.  See Cachopa v. Stoughton, 72 Mass. App. Ct. 657, 664 (2008).

The crux of the defendants' argument is that there was insufficient evidence for the jury to award damages.  Because they failed to move for a directed verdict on this ground, however, this claim is waived.  Reckis, 471 Mass. at 300 (defendants waived claim where they "never challenged the absence or insufficiency of such evidence through a motion for a directed verdict on this ground").  To the extent that the defendants argue that the jury award was excessive, we are equally unpersuaded.  There was evidence here that the plaintiff invested time in litigating the defendants' abuse of process as

7

a self-represented litigant and that the case likely had an impact on her emotionally and reputationally.  See Millenium Equity Holdings, LLC, 456 Mass. at 649-650.  The defendants argue that the plaintiff was required to prove damages with more specificity, but "that there may be an element of uncertainty as to the amount of damages does not bar their recovery."  Selmark Assocs. v. Ehrlich, 467 Mass. 525, 545 (2014), quoting Stuart v. Brookline, 412 Mass. 251, 256-257 (1992).  Furthermore, we cannot say that the judge abused her discretion in determining the damages awarded were not excessive given that the litigation between these parties has continued for nearly a decade.

c.  Issue preclusion.  The defendants also argue that the judge erroneously denied their request for judicial notice that their use of process was not in bad faith.  In a previous action, a single justice of this court upheld a lower court's denial of a request for attorney's fees by Cerda against the defendants (plaintiffs in that action) pursuant to G. L. c. 231, § 6F.  The defendants argue that this decision entitles them to issue preclusion for the improper purpose element of the plaintiff's abuse of process claim.  This argument is without merit.  "Before precluding a party from relitigating an issue, a court must determine that . . . the issue in the prior adjudication was identical to the issue in the current adjudication" (quotation omitted).  Kobrin v. Board of

8

Registration in Med., 444 Mass. 837, 843 (2005), quoting Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998). The issue in a § 6F determination is whether the claims in question were "wholly insubstantial, frivolous and not advanced in good faith." Danger Records, Inc. v. Berger, 444 Mass. 1, 8 (2005), citing G. L. c. 231, § 6F. In contrast, an abuse of process claim requires a plaintiff to show "ulterior or illegitimate purpose." Millennium Equity Holdings, LLC, 456 Mass. at 636. A claim for abuse of process may be proven despite the underlying process being entirely nonfrivolous, and therefore issue preclusion based on the § 6F determination would have been inappropriate. There was no error.[10]

2. Plaintiff's issues. a. Declaratory judgment. In her cross-appeal, the plaintiff seeks a modification of the declaratory judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). She argues that the judge's declaratory

---

[10] The defendants also argue that the judge erred in denying their motion for sanctions against the plaintiff for failure to comply with discovery orders. Sanctions orders are within the judge's discretion. See Commonwealth v. Edwards, 491 Mass. 1, 7-8 (2022). The defendants received a remedy -- exclusion of unproduced, responsive documents at trial. They fail to indicate how they were prejudiced by this remedy, nor do they point to any law indicating that such a remedy would constitute an abuse of discretion. This does not rise to the level of appellate argument, and we decline to consider it. See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

9

judgment must be amended because it is ambiguous.  Specifically, the plaintiff takes issue with the language indicating the trustees "may levy reasonable fines for security cameras located within the exterior of any unit."  She argues this language conflicts with a previous judgment that indicated cameras located on the exterior of window frames were not prohibited by the condominium master deed.  The plaintiff also argues the language of the declaratory judgment must specify the rights of the owners as to the common areas.

"The resolution of motions for relief from judgment 'rests in the discretion of the trial judge.'"  Atlanticare Med. Ctr. v. Division of Med. Assistance, 485 Mass. 233, 247 (2020), quoting Wojcicki v. Caragher, 447 Mass. 200, 209 (2006).  "Accordingly, the denial of a motion under Rule 60 (b) will be set aside only on a clear showing of an abuse of discretion" (quotation and citation omitted).  Atlanticare, supra.  Here, the language at issue is not ambiguous and does not prohibit cameras on the exterior of unit window frames, regardless of the plaintiff's fears.  Furthermore, the defendants agree that the language at issue does not prohibit the placement of cameras on the exterior of unit window frames.  There was, accordingly, no abuse of discretion.[11]

---

[11] There was similarly no abuse of discretion in the judge's language singling out cameras, as the placement of cameras

10

b.  Attorney's fees.  The plaintiff argues the judge erred in declining to award attorney's fees or costs to either party. "A decision regarding attorney's fees is reviewed for an abuse of discretion."  Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 284 (2020).  The plaintiff assigns error to the judge's assertion that determining an equitable fee allocation is impossible.  She argues that it is possible to discern what fees the trust incurred to pursue improper actions against her. She neglects, however, the fact that the judge declined to award fees after determining both parties engaged in "unreasonable litigation actions."  We discern no abuse of discretion.

c.  Dismissal of breach of fiduciary duty claim.  The plaintiff initially brought a claim on behalf of the trust alleging that the defendants breached their fiduciary duty to the trust.  The judge, however, dismissed the claim sua sponte because the plaintiff lacked standing to bring the claim personally and could not bring it derivatively as a self-represented litigant.  On appeal, the plaintiff claims this

---

formed the basis for the controversy in this case.  Furthermore, there was no abuse of discretion in the judgment that fees may be levied for cameras in limited common areas, as the "purpose of declaratory judgment is to remove, and to afford relief from, uncertainty and insecurity before an impending controversy reaches the point of breach and litigation" (quotation and citation omitted).  Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 726 (2013).  It was entirely appropriate for the judge to determine in what circumstances fees may be levied when adjudicating the rights of the parties.

dismissal was erroneous and asserts, supported by no authority, see Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019), that she should have been permitted to bring the claim derivatively on the trust's behalf.

Even if this claim, unsupported by any legal authority, were not waived on appeal, we discern no error. "The question of legal standing is a jurisdictional matter." Marchese v. Boston Redev. Auth., 483 Mass. 149, 156 (2019). "Where a plaintiff lacks standing to bring an action, the court lacks jurisdiction of the subject matter and must therefore dismiss the case." Id. The trustees did not owe a fiduciary duty to the plaintiff directly, but rather to the condominium association. See Office One, Inc. v. Lopez, 437 Mass. 113, 125 (2002) (condominium trustees owe no fiduciary duty to individual owners). Since she was owed no fiduciary duty, the plaintiff could not proceed individually but rather was required to proceed through a derivative suit on behalf of the condominium association. See Cigal v. Leader Dev. Corp., 408 Mass. 212, 219 (1990). Although the plaintiff did attempt to bring the claim derivatively, "corporations must appear and be represented in court, if at all, by attorneys." Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 82 (1988). Accordingly, no individual may represent corporations or "other parties in civil actions . . . without a license to practice law." Burnham v. Justices of the

12

Superior Court, 439 Mass. 1018, 1018 (2003). "The same reasoning applies to trusts." Braxton v. Boston, 96 Mass. App. Ct. 714, 717 (2019). Because the plaintiff could not bring the claim individually and could not represent the trust's interest as a non-attorney, the breach of fiduciary claim was properly dismissed.

d. Trial evidence. The plaintiff next argues that the judge erred in not admitting affidavits of defendants' counsel from a different case that incorrectly stated her bank had paid less than she owed for attorney's fees. "We review a trial judge's evidentiary decisions under an abuse of discretion standard." N.E. Physical Therapy Plus, Inc. v. Liberty Mut. Ins. Co., 466 Mass. 358, 363 (2013). The plaintiff fails to articulate on appeal why this affidavit was relevant, nor can we discern from the record what purpose the proffered evidence would have served.[12] To the extent that the affidavit would have showed the defendants' improper motive, the plaintiff prevailed in her claims that required such proof.

e. Motion to appoint a receiver. Finally, the plaintiff claims the judge erred in denying her motion to appoint a receiver. We review a denial of a posttrial motion for abuse of

---

[12] The plaintiff argues that the jury would have awarded her more damages if they had seen the affidavits, but this is irrelevant as to whether the affidavits were admissible.

discretion.  Cf. Blake, 486 Mass. at 278.  The plaintiff argues, essentially, that the judge erred in not appointing a receiver to manage the trust because the defendants maintained a controlling voting interest in it.  The judge's order granting the plaintiff equitable relief removed the defendants as trustees and prohibited them from serving as trustees either directly or indirectly.  The defendants retained ownership of several of the condominium units, and the order did not remove their ability to vote for new trustees.  To the extent the plaintiff asserts that the defendants are violating the judge's equitable order serving indirectly as trustees, that is not an issue properly before us on appeal.  See Kettle Black of MA, LLC v. Commonwealth Pain Mgt. Connection, LLC, 101 Mass. App. Ct. 109, 111 n.3 (2022) (declining to pass judgment on decisions not properly before court).  The judge did not abuse her discretion, however, by allowing the defendants to continue voting for

14

trustees because the equitable order did not prohibit them from doing so.[13]

Judgment affirmed.

By the Court (Meade, Walsh & Hodgens, JJ.[14]),

Clerk

Entered:  October 29, 2025.

---

[13] The plaintiff's request for attorney's fees is denied.

[14] The panelists are listed in order of seniority.