ANDREW P. GENNINGER *vs.* HELEN I. GENNINGER.

Suffolk. September 13, 1994. - October 7, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, & LYNCH, JJ.

*Practice, Civil*, Moot case. *Moot Question. Supreme Judicial Court*, Superintendence of inferior courts. *Constitutional Law*, Fair trial, Assistance of counsel.

This court declined to address an issue that had become moot. [734]
There was no clear error of law or abuse of discretion in a single justice's denial of relief under G. L. c. 211, § 3, from a probate judge's order vacating the appointment of an attorney for the husband in a postdivorce proceeding concerning division of the marital property. [734-736]

CIVIL ACTIONS commenced in the Supreme Judicial Court for the county of Suffolk on April 14, 1993, and May 28, 1993, respectively.

The cases were considered by *Abrams*, J., and *Greaney*, J.

The case was submitted on briefs.

*Andrew P. Genninger* pro se.

*Megan H. Christopher* for Helen Genninger.

NOLAN, J. This is an appeal from the decisions of two single justices of this court denying Andrew Genninger (Andrew) relief under G. L. c. 211, § 3 (1992 ed.).[1] Andrew contends that (1) the Probate Court judge erred in denying his motion to strike the appearance of his ex-wife's attorney; and (2) the Probate Court judge abused his discretion in removing Andrew's court-appointed attorney.

---

[1]In pertinent part, G. L. c. 211, § 3 (1992 ed.), provides: "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided . . . ."

Helen Genninger (Helen), filed for divorce from Andrew in June, 1985. At the time, Helen was represented by Attorney Harvey Schwartz. In February, 1987, the Probate Court judge appointed Attorney Peter Gubellini to represent Andrew in the divorce proceedings.[2] On June 19, 1989, a judgment nisi was entered. Due to the pendency of bankruptcy proceedings involving Andrew, the Probate Court judge reserved for a later hearing matters concerning support, alimony, and the division of the marital property.

Several years later, following the resolution of the bankruptcy proceedings, the Probate Court judge proceeded with the property division and support action. On December 3, 1992, Andrew's court-appointed attorney filed a motion seeking additional funds for costs and expenses associated with the divorce litigation. The Probate Court judge denied the motion and ordered the court-appointed attorney to withdraw from the case, stating that whatever authority the Probate Court judge had in 1987 to appoint counsel, "there [was] no such authority at present." Andrew sought relief from a single justice of the Appeals Court pursuant to G. L. c. 231, § 118 (1992 ed.). Because the jurisdictional time limit for an appeal had expired, relief was denied.

In February, 1993, Andrew requested that the appearance of Mr. Schwartz as attorney for his ex-wife be struck because Andrew intended to call Mr. Schwartz as a witness in the upcoming property division trial. The Probate Court denied Andrew's pro se motion. Subsequently, Andrew filed a petition for relief with a single justice of the Appeals Court pursuant to G. L. c. 231, § 118. After relief was denied, Andrew filed the instant petition in the Supreme Judicial Court for Suffolk County pursuant to G. L. c. 211, § 3. Following

[2]In pertinent part, G. L. c. 208, § 16 (1992 ed.), provides: "Any judge of a probate court wherein any action for divorce is pending may appoint an attorney to investigate and report to the court in relation thereto and may direct such attorney, or any other attorney, to defend the action. The attorney may be appointed either before or after a judgment of divorce nisi has been granted, and may enter objections to such judgment nisi becoming absolute in the same manner as the defendant."

a denial on the pleadings by a single justice of this court, Andrew filed a timely notice of appeal.[3] Since that time, Mr. Schwartz has voluntarily withdrawn his appearance as counsel for Helen in the property division proceedings.

During the pendency of the appeal, Andrew filed a motion seeking extraordinary relief pursuant to G. L. c. 211, § 3, from the Probate Court judge's order vacating the appointment of Andrew's attorney. On an order of reference, a second single justice of this court denied the motion. Andrew purportedly appeals from this decision as well.

1. *Motion to strike appearance of attorney.* Andrew contends that the Probate Court judge erred in denying his motion to strike the appearance of his ex-wife's attorney on the basis of Andrew's intention to call the attorney as a witness in the property division trial. Because Mr. Schwartz has voluntarily withdrawn his appearance as counsel, it is clear that this issue is now moot. "When the parties no longer have a stake in the determination of an issue, the issue is moot." *Parents of Two Minors* v. *Bristol Div. of the Juvenile Court Dep't*, 397 Mass. 846, 849 (1986). Although we have on occasion considered moot issues, this is neither a case of public importance, nor one that is likely to arise again in similar factual circumstances. *Id.*

2. *Removal of court-appointed attorney.* The second issue raised is whether the single justice of this court abused his discretion in denying Andrew's motion for relief from the Probate Court judge's order vacating the appointment of Andrew's court-appointed attorney. Decisions of a single justice denying relief under G. L. c. 211, § 3, will not be disturbed on appeal absent clear error of law or abuse of discretion. *Forte* v. *Commonwealth, ante* 98, 99 (1994). "Resort to G. L. c. 211, § 3, is not merely a substitute for normal appellate review, rather the party seeking the extraordinary relief of c. 211, § 3, must demonstrate both a substantial claim of violation of his substantive rights and error that cannot be remedied under the ordinary review process." *Id.* Although

---

[3]This petition was submitted on the briefs.

we question whether this issue is properly before the court,[4] we rule that there was no abuse of discretion or clear error of law.

Andrew contends that the removal of his court-appointed attorney deprived him of due process of law as guaranteed by the Federal and State Constitutions. Although the Fourteenth Amendment to the Constitution of the United States requires that judicial proceedings be fundamentally fair, an indigent litigant is not constitutionally entitled to a court-appointed attorney in every civil case. See *Lassiter* v. *Department of Social Servs. of Durham County*, 452 U.S. 18, 32-33 (1981). In *Department of Pub. Welfare* v. *J.K.B.*, 379 Mass. 1, 2-3 (1979), we considered whether an indigent parent was constitutionally entitled to appointed counsel in a judicial proceeding brought to terminate parental rights. Recognizing as essential the right to conceive and raise a child, we held that the indigent parent was constitutionally entitled to representation in the proceedings. *Id.* We further stated, " '[t]he rights to conceive and to raise one's children' are 'essential . . . civil rights of man . . . far more precious . . . than property rights.' " *Id.*, quoting *Stanley* v. *Illinois*, 405 U.S. 645, 651 (1972).

The right at stake in the present case, however, is a mere property interest. Unlike the interest of parents in maintaining the custody of their children, property rights have not been deemed fundamental. *Department of Pub. Welfare* v. *J.K.B.*, *supra* at 3. Furthermore, there are no exceptional circumstances, such as complex legal issues or a pro se litigant's inability to present the case, which would warrant appointing counsel. *Bemis* v. *Kelley*, 857 F.2d 14, 15 (1st Cir. 1988). The legal and factual issues involved in the property division action are not so complex that the expertise of counsel is necessarily required. Moreover, Andrew has demonstrated that

---

[4]In his original petition for relief pursuant to G. L. c. 211, § 3, Andrew did not raise the issue of the removal of his court-appointed counsel. The sole issue raised was the Probate Court judge's denial of the motion to strike the appearance of his ex-wife's attorney.

he is more than capable of pursuing a variety of legal matters without the advice and guidance of counsel.

Thus, we conclude that there was no clear error of law or abuse of discretion, and affirm the denials of Andrew's motions for extraordinary relief pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*