The plaintiff, Warren C. Tyler, appeals from the dismissal of his medical malpractice complaint in view of Tyler's failure to post a bond. We affirm.
On appeal, Tyler first argues that a Superior Court judge improperly declined to appoint counsel to represent him. Where, as here, the only interest at stake "is a mere property interest," there is no right to appointed counsel. Genninger v. Genninger, 418 Mass. 732, 735 (1994). No exceptional circumstances warrant deviation from this principle in this case.
Second, Tyler alleges that it was error for a different Superior Court judge to deny his motion to reduce the $6,000 bond required by G. L. c. 231, § 60 B, which resulted in the dismissal of his case. An appeal from an order denying a request for a reduction in bond should be brought to a single justice of this court within seven days of the order's entry. G. L. c. 261, § 27 D. See Perez v. Bay State Ambulance & Hosp. Rental Servs., Inc., 413 Mass 670, 678 (1992). Tyler did not notice an appeal from the order denying his motion to reduce the bond as provided for in G. L. c. 261, § 27 D. Instead, almost two months after the order entered, Tyler filed a petition with the single justice of this court under G. L. c. 231, § 118, first par. A single justice denied Tyler's petition on September 1, 2017. There is no right of appeal from the single justice's order.[3] See McMenimen v. Passatempo, 452 Mass. 178, 189-190 (2008). Therefore, the issue of § 60B's bond requirement is not properly before us.
Judgment affirmed.

A different single justice properly struck Tyler's notice of appeal.