Grace C. Ross, pro se, amicus curiae, submitted a brief.
RESCRIPT
**1036 The petitioner, Debra Brown, appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3. We affirm.
The respondent, Federal National Mortgage Association (FNMA), acquired title to Brown's home following a foreclosure sale in May 2010. Shortly thereafter, and stemming from the foreclosure, Brown commenced an action against FNMA and Bank of America Corporation (the mortgage servicer at the time of the foreclosure) in the Superior Court. FNMA and Bank of America Corporation removed the action to the United States District Court for the District of Massachusetts. A judge in that court dismissed the action, and, after Brown appealed, the United States Court of Appeals for the First Circuit affirmed the dismissal. Brown's subsequent petition for a writ of certiorari was denied by the United States Supreme Court in October 2012. In the meantime, in September 2012, FNMA commenced a summary process action against Brown in the Housing Court. In October 2015, judgment entered in that court in favor of FNMA. Brown appealed. The Appeals Court affirmed the judgment, and this court denied Brown's subsequent application for further appellate review. See Federal Nat'l Mtge. Ass'n v. Brown, 91 Mass. App. Ct. 1122, 86 N.E.3d 247, S.C., 478 Mass. 1108, 94 N.E.3d 853 (2017).
More recently, in May and June of 2018, Brown filed several new motions in the Housing Court, including a motion to vacate the summary process judgment. After the Housing Court denied the motions, Brown sought review via a petition to a single justice of the Appeals Court, which was denied on June 15, 2018. On July 23, 2018, Brown filed her G. L. c. 211, § 3, petition in the county court. In the petition, although Brown did request relief from the foreclosure of her own home, she focused more generally and almost exclusively on the recent foreclosure crisis, complaining about the mortgage industry and its related institutions and the counsel who represent them. The single justice denied the petition without a hearing. Brown then submitted several additional documents in *32 the county court, including a motion for reconsideration on the basis of "newly discovered and prepared additional information" and a motion to stay execution, which the single justice denied.[1]
In her appeal to this court, Brown has largely changed course, and now focuses on the Land Court judge's judgment in a Servicemembers Civil Relief Act proceeding that preceded the foreclosure of her home. See HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 194-195, 981 N.E.2d 710 (2013) (describing statutory framework and purpose of the act). In Brown's view, the Land Court judge's judgment is void because Bank of America Corporation lacked standing to bring the Servicemembers' action, which, in turn, renders everything that came after, including the foreclosure, void as well. However, although it is well settled that claims **1037 of lack of standing are in essence subject matter jurisdiction claims, see Phone Recovery Servs., LLC v. Verizon of New England, Inc., 480 Mass. 224, 227, 102 N.E.3d 968 (2018), and that subject matter jurisdictional issues are nonwaivable and can be raised at any time, see ROPT Ltd. Partnership v. Katin, 431 Mass. 601, 605, 607, 729 N.E.2d 282 (2000), that does not mean that subject matter jurisdictional issues can always be raised in every context and in every forum. See Kim v. Rosenthal, 473 Mass. 1029, 1030 n.3, 45 N.E.3d 1281 (2016) (petitioner's claim that District Court lacked subject matter jurisdiction in underlying postforeclosure summary process action was not properly before court pursuant to G. L. c. 211, § 3 ; rather, she was free to raise and pursue it in trial court). See also Elliot v. Commonwealth, 478 Mass. 1017, 1017 n.3, 88 N.E.3d 871 (2018) (on appeal from single justice's denial of G. L. c. 211, § 3, petition, noting that "the more appropriate course would have been for Elliot to raise the [subject matter jurisdictional] issue in a motion for a new trial [and then to appeal in the normal course from any adverse decision on the motion] ); Harker v. Holyoke, 390 Mass. 555, 558-561, 457 N.E.2d 1115 (1983) (Housing Court's subject matter jurisdiction to adjudicate tort case against city, which was tried to conclusion in Housing Court, could not be challenged collaterally in separate subsequent action in Superior Court, even if Housing Court did not have jurisdiction).
One route for Brown to raise her jurisdictional challenge to the foreclosing mortgagee's standing, the validity of the foreclosure, and her subsequent eviction would be to move for relief from the judgment on the ground that it was void ab initio. See Rule 11(b) of the Uniform Summary Process Rules (1980); Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974). Indeed, Brown is already pursuing that route: she raised the void judgment issue in a motion in the Housing Court, the motion was denied, and Brown has filed a timely notice of appeal from that ruling. See note 1, supra. In light of this adequate alternative remedy, consideration of the issue by this court under our extraordinary power of general superintendence is unnecessary, see Hines v. Superior Court, 423 Mass. 1005, 1005, 668 N.E.2d 323, cert. denied, 519 U.S. 984, 117 S.Ct. 439, 136 L.Ed.2d 337 (1996) ("It is axiomatic that relief pursuant to G. L. c. 211, § 3, is not available where the [petitioner's claim] can adequately *33 and effectively be remedied through the normal appellate process or through some other available method of review"), and we express no view as to the merits of her claim.
As to the other issues that Brown raises, which she has raised in various other courts, that she is unhappy with those results does not mean that those remedies were inadequate. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001, 826 N.E.2d 199 (2005). This case does not, in short, present the type of exceptional circumstance that requires the exercise of this court's extraordinary power of general superintendence pursuant to G. L. c. 211, § 3.
The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.
The petitioner also submitted, in the county court, a photocopy of a "motion to vacate and void judgments and orders." Although the single justice purported to deny the motion, alongside his denial of the motions for reconsideration and to stay execution, the motion to vacate was merely a copy of a motion that had been directed to, filed in, and denied by the Housing Court.