RESCRIPT
**1006 The plaintiff, Janice Stevenson, appeals from a judgment of a single justice of this court denying her complaint for relief in the nature of certiorari pursuant to G. L. c. 249, § 4. We affirm.
As best we can discern from the record, which is sparse and unclear, Stevenson was the defendant in a summary process action in the Eastern Division of the Housing Court Department. According to Stevenson, she is a "low income housing tax credit" tenant and, as such, has a right to enforce a "recorded restrictive covenant." She appears to be arguing that the Housing Court does not have jurisdiction to address the enforcement of the alleged covenant and, thus, that any eviction that resulted from a summary process action in that context and in that court is not valid. The single justice denied relief without a hearing.
Certiorari review is designed to "correct errors in proceedings which are not ... otherwise reviewable by motion or by appeal" (emphasis added). G. L. c. 249, § 4. Stevenson has failed to carry her burden to demonstrate that her claims were not otherwise reviewable. She could have sought review of her claims, including her claim that the Housing Court did not have jurisdiction or failed to address the jurisdictional issue, in a direct appeal to the Appeals Court from the Housing Court judgment against her (see Rule 12 of the Uniform Summary Process Rules [2004] ) or in an appropriate postjudgment motion in the trial court (see Rule 11[b] of the Uniform Summary Process Rules [1980] ). It was not appropriate to raise those claims in a certiorari action commenced in this court. See Brown v. Federal Nat'l Mtge. Ass'n, 481 Mass. 1036, 1037, 116 N.E.3d 30 (2019) (although subject matter jurisdiction claims can be raised at any time, **1007 this does not mean that such issues "can always be raised in every context and in every forum"); Picciotto v. Appeals Court (No. 2), 457 Mass. 1002, 1002, 927 N.E.2d 998, cert. denied, 562 U.S. 1044, 131 S.Ct. 598, 178 L.Ed.2d 435 (2010) (denying certiorari review where petitioners had other adequate avenue for review).
The single justice did not err or abuse his discretion in denying relief under G. L. c. 249, § 4.
The plaintiff appears pro se and purports to represent both herself and another individual. Although she of course may represent herself, she may not represent another. See Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 82, 520 N.E.2d 1312 (1988) ("person appearing pro se does not represent another"). To the extent that the petitioner also seeks to represent all similarly situated individuals, the same holds true.