NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13067

DEBRA BROWN  vs.  FEDERAL NATIONAL MORTGAGE ASSOCIATION
& another.[1]


May 16, 2023.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, Debra Brown, appeals from a judgment of a
single justice of this court denying her petition pursuant to
G. L. c. 211, § 3.  We affirm.

More than twelve years ago, the respondent, Federal
National Mortgage Association (FNMA), acquired title to Brown's
home following a foreclosure sale in May 2010.  Brown has been
contesting the foreclosure sale, and the ensuing summary process
action, ever since, in both the State and Federal courts.  See,
e.g., Brown v. Federal Nat'l Mtge. Ass'n, 481 Mass. 1036 (2019);
Federal Nat'l Mtge. Ass'n v. Brown, 97 Mass. App. Ct. 1103,
S.C., 486 Mass. 1106 (2020), cert. denied, 141 S. Ct. 2703
(2021); Federal Nat'l Mtge. Ass'n v. Brown, 91 Mass. App. Ct.
1122, S.C., 478 Mass. 1108 (2017).  In her most recent filing in
the county court -- i.e., the G. L. c. 211, § 3, petition at
issue here -- she argued that the government has taken her
property without due process.  More specifically, and among
other things, she claims that her due process rights under the
Fifth Amendment to the United States Constitution have been
violated because, throughout the foreclosure process and the
summary process action, she has never had an evidentiary hearing
or an opportunity to confront and cross-examine adverse
witnesses.  The single justice denied the petition without a
hearing.

---

[1] Federal Housing Finance Agency.

After Brown's appeal was entered in this court, and after Brown had filed her brief, FNMA filed a motion to stay the appeal, with Brown's assent, which the court allowed. The basis for the stay was several then-pending appeals in the United States Court of Appeals for the First Circuit involving the issue whether FNMA is a State actor such that a nonjudicial foreclosure sale would violate a mortgagor's Fifth Amendment due process rights. See, e.g., Montilla v. Federal Nat'l Mtge. Ass'n, 999 F.3d 751, 754 (1st Cir. 2021), cert. denied, 142 S. Ct. 1360 (2022). Here, as in those cases, FNMA had conducted a nonjudicial foreclosure of the mortgage, and the issue in those cases thus related directly to Brown's claims regarding her due process rights. The Federal court subsequently concluded that FNMA is not a State actor and therefore not subject to Fifth Amendment due process claims. See id. (affirming District Court's holding that FNMA and Federal Housing Finance Agency are not subject to Fifth Amendment claims of homeowners whose mortgages had granted lenders right to nonjudicially foreclose).

While awaiting the Federal court's resolution of the cases, FNMA filed a motion to extend the filing date for its brief, in June 2021. The court denied the motion without prejudice, indicating that FNMA could renew the motion after the First Circuit had finally resolved the cases. No further action took place in the case -- neither party sought to lift the stay, or notified this court that the Federal court actions had been finally resolved, and FNMA never sought a further extension of time to file its brief. In May 2022, this court issued a notice directing the parties to file status reports and to address the issue whether the appeal should be dismissed on the basis of mootness. In response to the notice, Brown filed a status letter arguing that the appeal is not moot; FNMA filed a status letter arguing that it is.

Although we conclude that the appeal is not moot, and will not dismiss it on that basis, it is clear that the single justice did not err or abuse her discretion in denying relief. Brown has had ample opportunity to contest the foreclosure, and the ensuing summary process action, and has, as noted supra, done so in a myriad of courts. As we have previously stated, that Brown is unhappy with the results in those courts "does not mean that those remedies were inadequate." Brown, 481 Mass. at 1037. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." Id., quoting Votta v. Police Dep't of

<u>Billerica</u>, 444 Mass. 1001, 1001 (2005).  Moreover, it is clear after the decision in the <u>Montilla</u> case that Brown is not entitled to any more process, pre- or postforeclosure, than what she has already received.

<u>Judgment affirmed</u>.


The case was submitted on briefs.
<u>Debra Brown</u>, pro se.