NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-733

RUTH ADJARTEY

vs.

SANTANDER BANK, N.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Ruth Adjartey, appeals from the sua sponte order dismissing a petition filed with the Superior Court that sought to set aside a decision of the Housing Court and permanently enjoin that judgment under equity principles. She also appeals from the order denying her motion to reconsider the dismissal. The plaintiff raises a variety of issues, all of which amount to a collateral attack on the judgment of the Housing Court. We affirm.

Discussion. Adjartey styled her "petition" to vacate the Housing Court judgment as a motion pursuant to Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974), and we will treat it as such. "It is well established as a general matter that denial of a motion under rule 60 (b) will be set aside only on a clear showing of an abuse of discretion." Wang v. Niakaros, 67 Mass.

App. Ct. 166, 169 (2006).  We also review a decision on a motion for reconsideration for abuse of discretion.  Kauders v. Uber Techs., Inc., 486 Mass. 557, 568 (2021).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives" (citation and quotation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

In 2019, the Housing Court granted summary judgment to Santander Bank, N.A. (Santander) on its postforeclosure summary process action, and judgment ultimately entered against Adjartey.  In an unpublished decision, Santander Bank, N.A. v. Doku, 100 Mass. App. Ct. 1117 (2021), this court affirmed the Housing Court judgment on direct appeal.  Further appellate review was denied.  Santander Bank, N.A. v. Doku, 489 Mass. 1105 (2022).

Still determined to fight her eviction, Adjartey filed a petition in the Superior Court, in which she asked for relief from the Housing Court judgment on the ground that it is void and asked the court to permanently enjoin the judgment against her.[1]  In so filing, Adjartey relied on certain language in a

_____

[1] The record does not indicate that Santander was ever served with the Superior Court petition.  Santander has not filed a

2

footnote in the Supreme Judicial Court's opinion in <u>Adjartey</u> v.
<u>Central Div. of the Hous. Court Dep't</u>, 481 Mass. 830 (2019),
which affirmed an order of the single justice that denied
Adjartey and others' request for relief under G. L. c. 211, § 3.[2]
In relevant part, the footnote states:

> "with regard to any potential claims under art. 114 of the
> Amendments to the Massachusetts Constitution, the
> Massachusetts Equal Rights Act (MERA), or the Americans
> with Disabilities Act (ADA), the petitioners could have
> initiated a separate action in a court of competent
> jurisdiction or argued on direct appeal that they were
> prejudiced by a judge's erroneous denial of a request for
> reasonable accommodations."

<u>Id</u>. at 833 n.6. Adjartey claims that this language demonstrates
that the Superior Court is a "court of competent jurisdiction"
to vacate the Housing Court judgment and adjudicate the matters
already decided by the Housing Court. However, the issues that
were raised in the G. L. c. 211, § 3, petition that is the
subject of <u>Adjartey</u>, <u>supra</u>, are entirely separate from the
issues raised in the Superior Court petition that is before us.
In this petition, Adjartey has not raised any potential claims
she may have under art. 114 of the Amendments to the

---

brief in this appeal, and it is unclear whether it is even aware
of these proceedings.

[2] The G. L. c. 211, § 3 petition raised numerous concerns
regarding summary process practices and procedures. See
<u>Adjartey</u>, 481 Mass. at 832. The Supreme Judicial Court affirmed
the order of the single justice "[b]ecause the petitioners had
adequate alternative avenues to seek review of their claims."
<u>Id</u>. at 833.

3

Massachusetts Constitution, the MERA, or the ADA in the Superior Court.

Rather, Adjartey's petition requests that the Superior Court vacate the judgment of the Housing Court and permanently enjoin enforcement of such a judgment against her. She raises the same arguments that were already litigated in the Housing Court against the same party, Santander, and in the direct appeal that followed. These arguments include that the judgment is void because the Housing Court lacked subject matter jurisdiction due to Santander's lack of standing. The short answer is, as the judge properly held, the Superior Court does not have jurisdiction to vacate judgments of the Housing Court.

Even if the Superior Court could have addressed the claims, Adjartey would fare no better.

> "[T]he principle of res judicata requires that a valid and final personal judgment rendered by a court of competent jurisdiction over the parties and the subject matter serve as a bar to any further proceedings between the same parties on the same claim. Furthermore, a party cannot avoid this rule by seeking an alternative remedy or by raising the claim from a different posture or in a different procedural form."

Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 686, 688 (1974).

As stated in this court's decision on her direct appeal, "Adjartey is not helped by trying to recast her various substantive arguments with respect to the underlying merits as

4

ones claiming that Santander lacks 'standing.'" Doku, 100 Mass. App. Ct. 1117 n.6. Additionally, under the doctrine of claim preclusion, the summary process judgment barred Adjartey from asserting that the foreclosure was invalid in Superior Court. "[A]lthough 'subject matter jurisdictional issues are nonwaivable and can be raised at any time, . . . that does not mean that subject matter jurisdictional issues can always be raised in every context and in every forum.'" Bigelow v. Reem Property, LLC, 102 Mass. App. Ct. 590, 595-596 (2023), quoting Brown v. Federal Nat'l Mtge. Ass'n, 481 Mass. 1036, 1037 (2019). "The place to seek relief from a judgment as void for want of subject matter jurisdiction . . . is the issuing court." Bigelow, supra at 596. The issuing court was the Housing Court -- not the Superior Court.[3]

In any event, the concept of a "void judgment," that is, a "total want of jurisdiction[,] must be distinguished from an error in the exercise of jurisdiction. A court has the power to

_____

[3] While Adjartey asserts she has been denied the opportunity to be fully heard on her claims to date, the record reflects that multiple relevant motions and oppositions filed by Adjartey were decided after a hearing was held. This court also fully considered her direct appeal from the Housing Court judgment in Doku, 100 Mass. App. Ct. 1117. We also reject Adjartey's claim that the Superior Court was obligated to conduct an evidentiary review of the record, as her title and standing claims were fully adjudicated by the Housing Court's denial of her motion to dismiss for lack of subject matter jurisdiction and granting of summary judgment.

5

determine its own jurisdiction, and an error in that determination will not render the judgment void.  Only in the rare instance of a clear usurpation of power will a judgment be rendered void."  Harris v. Sannella, 400 Mass. 392, 395 (1987), quoting Lubben v. Selective Serv. Sys., 453 F.2d 645, 649 (1st Cir. 1972).  From our review of the limited record, this is not a rare instance of a clear usurpation of power that would render a judgment void.  Title challenges in a summary process action -- including those based on alleged predatory lending and discrimination -- and "housing problems" that may give rise to an equal rights violation, fall squarely within the jurisdiction of the Housing Court.  G. L. c. 185C, § 3.  See G. L. c. 151B, § 9; G. L. c. 183C, § 18 (a)-(b).  See also Bank of Am., N.A. v. Rosa, 466 Mass. 613, 623-626 (2013) (Housing Court has jurisdiction in summary process proceeding to consider all equitable challenges to title, including those that previously had to be raised by independent Superior Court action).  Santander had asserted in the Housing Court that it had title to the property by virtue of a foreclosure on Adjartey's mortgage.  "The action thus appeared to be a typical postforeclosure summary process action of the sort regularly adjudicated by the Housing Court."  Bigelow, 102 Mass. App. Ct. at 596.  Accordingly, there was no abuse of discretion in the Superior

6

Court's dismissal of the petition (rule 60 (b) motion) and denial of the motion for reconsideration.

<u>Order denying rule 60 (b) motion affirmed</u>.

<u>Order denying motion for reconsideration affirmed</u>.

By the Court (Meade, Blake & Desmond, JJ.[4]),

*Anne M. Thomas*

Assistant Clerk

Entered:  March 7, 2024.

---

[4] The panelists are listed in order of seniority.