SUPREME JUDICIAL COURT 
 
 PETER J. CHONGARLIDES, SR. vs. SHAUN MURRAY.[1]

 
 Docket:
 SJC-13525
 
 
 Dates:
 February 3, 2025
 
 
 Present:
 Supreme Judicial Court, Superintendence of inferior courts. Practice, Civil, Appeal.
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts. Practice, Civil, Appeal.
 
 

       Peter J. Chongarlides, Sr. (petitioner), appeals from a judgment of the county court.  The petitioner commenced a civil action in 2014 by filing a complaint in the District Court against Shaun Murray, doing business as Murray's Cycles, Inc. (defendant).  After a bench trial, final judgment entered for the defendant in November 2015.  Although the petitioner attempted to appeal from that final judgment, a District Court judge ruled, in March 2016, that the purported appeal was untimely.  In the years since the final judgment entered, the petitioner filed various motions seeking relief from judgment, leave to appeal late, and other relief.  All such relief was denied.  In August 2023, the petitioner filed a motion for leave to appeal late from a disposition that entered on the docket in March 2023.  That motion was denied, as was the petitioner's subsequent motion for reconsideration.  The petitioner thereafter filed his petition in the county court, seeking relief from those denials.  Treating the petition as one filed pursuant to G. L. c. 211, § 3, a single justice of this court denied relief without a hearing and without addressing the merits of the petitioner's claims. 
      Where, as here, the single justice denies relief without reaching the merits of the petition, "the appeal to the full court 'is strictly limited to a review of that ruling,' . . . and the full court asks only whether the single justice abused his or her discretion in making that decision" (citations omitted).  Boone v. Commonwealth, 494 Mass. 1011, 1012–1013 (2024).  "The single justice is not required to exercise the court's extraordinary power of general superintendence if the petitioner has an adequate alternative remedy."  Matter of an Impounded Case, 493 Mass. 1001, 1002 (2023), citing Commonwealth v. Fontanez, 482 Mass. 22, 24-25 (2019).  In this case, the petitioner had an adequate remedy in the ordinary appellate process.  The denial of a motion for leave to file a late notice of appeal is itself an order that may be appealed to the Appeals Court, or the petitioner could have sought an enlargement of time from the Appeals Court or a single justice thereof pursuant to Mass. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019).[2]  See Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 583 (2010) (appellant may seek relief under rule 14 [b] even without appealing from underlying denial of motion for enlargement of time to file notice of appeal).  As we have often said, "[o]ur general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course."  Brown v. Federal Nat'l Mtge. Ass'n, 481 Mass. 1036, 1037 (2019), quoting Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005).  As the petitioner was not entitled to extraordinary relief, the single justice did not abuse her discretion or commit any other error of law.
 
 
Judgment affirmed.
footnotes

      The case was submitted on briefs.
      Peter J. Chongarlides, Sr., pro se.
          [1] Doing business as Murray's Cycles, Inc.
          [2] To the extent that the petitioner now appears to challenge other rulings of the District Court, those rulings were not before the single justice and are thus not properly before us.  In any event, the petitioner had an adequate remedy in the ordinary appellate process as to those rulings as well.  His failure to avail himself of that remedy does not render it inadequate.