NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-349

MARGARET KELLEY, personal representative,[1] & another[2]

vs.

MARK HURLEY[3] & others.[4]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Terri Hurley (Terri)[5] appeals from a judgment entered in the Superior Court and from orders denying four postjudgment motions. We affirm.

Background. In 2019, the plaintiffs, Margaret Kelley as personal representative of the estate of Charles Hurley and Charles Andrew Hurley (Andy), filed a complaint in the Superior

---

[1] Of the estate of Charles Hurley.

[2] Charles Andrew Hurley.

[3] Individually and as trustee of the Charles Hurley Irrevocable Trust.

[4] Terri Hurley, Anna Hurley, and Kayla Hurley.

[5] Because five of the six parties share the same surname, for clarity we refer to the Hurleys by their first names.

Court for declaratory judgment concerning the terms of the Charles Hurley Irrevocable Trust (trust). The complaint named as defendants Mark Hurley (Mark), who was the trustee of the trust; Mark's wife, Terri; and their two daughters, Anna Hurley (Anna) and Kayla Hurley (Kayla), who were both minors at the time. The plaintiffs alleged that Terri, Anna, and Kayla had been mistakenly listed as the beneficiaries of the trust and, therefore, were erroneously given ownership of the trust's primary asset, the property in Wakefield where Mark, Terri, Anna, and Kayla resided (property). About the same time, Terri commenced divorce proceedings against Mark in the Probate and Family Court.

After years of litigation in both matters, in July 2023 the parties reached a preliminary settlement agreement in the declaratory judgment action. The parties agreed that Mark would pay Terri $301,000, in exchange for which Terri would vacate and relinquish her rights to the property, and Mark and Andy would assume title. The preliminary agreement also included terms regarding the division of the marital estate, alimony, and other issues relevant to the divorce action. The preliminary agreement was signed by both plaintiffs and by Mark, Terri, and

2

Anna, who by this time was twenty years old.[6]  The preliminary agreement contemplated that the parties would prepare a "mutually agree[able] comprehensive written settlement agreement."

When the parties failed to finalize their settlement in writing, the plaintiffs, aligned with and joined by Mark, filed an "emergency" joint motion to enforce the preliminary settlement agreement, which Terri opposed.  In an order dated June 20, 2024, a Superior Court judge (first judge) allowed the motion to enforce the preliminary agreement, rejecting Terri's claims that she did not understand the agreement she signed and that she signed it under duress.  A judgment of dismissal was entered, but then vacated upon Terri's motion.  The first judge ordered the parties to submit a proposed form of judgment by November 22, 2024.

Still unable to agree on the form of the judgment, on November 22, 2024, the parties filed separate proposed judgments.  The plaintiffs and Mark proposed a judgment removing Terri, Anna, and Kayla as beneficiaries of the trust, depriving them of any interest in the property, and vesting title in Mark and Andy.  Their proposed judgment in the declaratory judgment

---

[6] Kayla, who was sixteen years old at the time, did not sign the agreement.  Mark and Terri, as her legal guardians, assented on her behalf.

3

case excluded the terms in the preliminary agreement relating to the divorce action.  Terri filed a proposed judgment requiring Mark to pay her $301,000, in exchange for which Terri would vacate and relinquish her rights to the property.  Her proposed judgment also included terms regarding division of marital property and alimony, similar to those included in the preliminary agreement.  Terri's proposed judgment specifically reserved Anna's and Kayla's interests in the trust and the property.

After a hearing, on December 18, 2024, the first judge signed the plaintiffs' and Mark's proposed order, which entered as the judgment in the case.  Terri then filed the four postjudgment motions subject to this appeal.  First, she timely served a motion to vacate or modify the judgment, which was denied by a different Superior Court judge (second judge) on January 28, 2025.  Terri filed a motion for reconsideration of the order denying the motion to vacate, and the parties subsequently filed additional pleadings seeking sanctions against each other.  The second judge denied the motion to reconsider and denied all requests for sanctions on February 13, 2025.  Terri's subsequent motions to substitute parties, filed on February 26, 2025, and for injunctive relief, filed March 19, 2025, were denied by the second judge on February 28 and March

4

28, 2025, respectively. Terri timely filed notices of appeal from the judgment and from the orders denying all of these postjudgment motions.

Discussion. In her brief, Terri asserts three main reasons why the judgment should not have entered and why her postjudgment motions should have been allowed. The primary theme of her brief is that the judgment invalidated the plain language of the trust that named Terri, Anna, and Kayla as beneficiaries, wrongly depriving them of their interests in the property. The second major theme is that because Anna and Kayla reached the age of majority during the pendency of the case, they were deprived of notice, representation, and informed consent at various stages of the litigation. Her third theme is that the preliminary settlement agreement was not enforceable because she did not fully understand its terms when she signed it, she signed it under duress, and she lacked representation during critical periods of the litigation. She also argues that the judge erred by denying her requests for attorney's fees and injunctive relief.

As to the first theme, if the preliminary settlement agreement was properly enforced, the nature and existence of Terri's rights under the trust is irrelevant because Terri

agreed to give up those rights in exchange for payment of $301,000.[7]

The second theme, regarding Anna's and Kayla's rights, is equally unavailing to Terri, because Terri is not an attorney. Therefore, she may not represent Anna and Kayla in this appeal or assert rights on their behalf. "Although she of course may represent herself, she may not represent another." Stevenson v. TND Homes I LLC, 482 Mass. 1006, 1006 n.1, cert. denied, 589 U.S. 1084 (2019). See Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 82 (1988) ("person appearing pro se does not represent another").[8]

As to Terri's own rights, the third theme of her brief, the record does not support her claim that she did not understand the preliminary settlement agreement or that she signed it under

---

[7] Mark's obligation to pay Terri that sum is conspicuously absent from the proposed judgment that he and the plaintiffs submitted, and that the judge signed as an order of the court. Likewise, any argument that this term was erroneously omitted from the judgment is conspicuously absent from Terri's brief. We can only assume that the omission was inadvertent, that the parties have made an arrangement concerning this payment, or that Mark's obligation to pay $301,000 to Terri in exchange for the marital home will be incorporated as a term of the parties' divorce judgment.

[8] As Terri repeatedly points out, both Anna and Kayla are now adults. They were both named as defendants in the declaratory judgment complaint. When the preliminary settlement agreement was prepared, as Anna had reached the age of majority, Mark's attorney sent Anna a copy of the agreement for her review and signature.

duress, claims that the first judge specifically rejected in the June 20, 2024, order enforcing the preliminary agreement. To the contrary, the terms of the proposed judgment that Terri submitted on November 22, 2024, were essentially the same terms that were included in the preliminary agreement -- the only difference being Terri's attempt to reserve Anna's and Kayla's rights. Terri's proposed judgment demonstrated that she fully understood and accepted the terms of the preliminary agreement insofar as they affected her own interests. The preliminary agreement set out all the material terms of the settlement and manifested the parties' intent to be bound by those terms, even without the more formal document contemplated in the preliminary agreement. See Fecteau Benefits Group, Inc. v. Knox, 72 Mass. App. Ct. 204, 212-213 (2008); I & R Mechanical, Inc. v. Hazelton Mfg. Co., 62 Mass. App. Ct. 452, 455 (2004); Goren v. Royal Invs. Inc., 25 Mass. App. Ct. 137, 140-141 (1987). Finally, as Terri had no right to a court-appointed attorney in this case, see Genninger v. Genninger, 418 Mass. 732, 735 (1994), the fact that she was left to represent herself during periods of the litigation does not provide grounds to attack the judgment. The myriad motions that Terri filed on her own behalf, and both judges' serious attention to those motions, demonstrate that she was not deprived of a meaningful opportunity to be heard. See

7

Wilbur v. Tunnell, 98 Mass. App. Ct. 19, 25 n.10 (2020) (although self-represented litigant must be given "meaningful opportunity to present her case . . ., and some leniency is appropriate, the statutes and rules of procedure bind a pro se litigant as they bind other litigants" [quotations and citations omitted]).

Nor did the second judge abuse his discretion in denying Terri's requests for sanctions and for injunctive relief. The record does not substantiate Terri's contentions that the plaintiffs' claims were frivolous or advanced in bad faith. Nor did the judge err in denying Terri's request for postjudgment injunctive relief. The judge reasonably determined that Terri's harm could be compensated monetarily. See Caffyn v. Caffyn, 70 Mass. App. Ct. 37, 42 (2007) ("Suffice it to say that the trial judge acted within her discretion in concluding that injunctive relief was not warranted, if only because the wife's claim of potential monetary loss was insufficient to establish irreparable harm").

Conclusion. The judgment is affirmed. The orders of January 28, February 13, February 28, and March 28, 2025, denying the motion to vacate or modify judgment, the motion for

8

reconsideration and sanctions, the motion to substitute parties, and the motion for injunctive relief, are affirmed.

<u>So ordered</u>.

By the Court (Massing, Neyman & Smyth, JJ.[9]),

Paul Little

Clerk

Entered:  April 14, 2026.

---

[9] The panelists are listed in order of seniority.