NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13888


  JOSE L. NEGRON  vs.  SUPERINTENDENT, NORTHEASTERN CORRECTIONAL CENTER, & another.[1]


May 22, 2026.


Commissioner of Correction.  Imprisonment, Grievances. Mandamus.



     The plaintiff, Jose L. Negron, appeals from the judgment of a single justice of this court denying his request for relief in the nature of mandamus pursuant to G. L. c. 249, § 5.  We affirm.

     At the time of his complaint, the plaintiff represented that he had been granted parole pending his completion of a term at a minimum security facility of the Department of Correction (department).[2]  His complaint alleged that while at that facility, he and other parolees unduly were denied participation in a program pursuant to G. L. c. 127, § 49, that would allow

---

     [1] Commissioner of Correction.

     [2] Before this court, the plaintiff represents that he has since been transferred to a higher security facility, where his access to materials with which to litigate his case has been limited.  In a motion filed on March 5, 2026, the plaintiff requested that this court effect service of his filings and that he receive free postage or, alternatively, access to "photocopies, legal material, legal supplies, and assistance." For the reasons described herein, the single justice did not abuse his discretion or err in denying relief.  As the plaintiff was not entitled to relief in this proceeding, his motion is denied.

them to work outside the facility in the community, where they could earn better wages.  The complaint alleged that inmates serving sentences who had not received grants of parole were nevertheless permitted to participate in that program.  It asserted that disparate and unequal access to the work release program for parolees as compared with nonparolees violated the plaintiff's constitutional rights to due process and equal protection and, further, that it violated G. L. c. 127, § 49, as well as other Federal and State statutes and department regulations.  Relatedly, the complaint asserted that parolees and nonparolees at the same facility should not be housed together.  Pursuant to G. L. c. 249, § 5, the complaint sought relief in the nature of mandamus.  Specifically, it asked the single justice to order the defendants to remedy the alleged unequal access to the work release program and to house parolees and nonparolees separately.  The single justice denied the requested relief, concluding that the plaintiff's allegations did not present a "failure of justice" warranting relief in the nature of mandamus.  Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006), quoting Forte v. Commonwealth, 429 Mass. 1019, 1020 (1999).  Presently before this court is the plaintiff's appeal from the judgment of the single justice.

We discern no abuse of discretion or error of law in the single justice's denial of relief.  See Laura v. A Justice of the Dist. Court Dep't, 496 Mass. 1030, 1031 (2025).  Where a plaintiff seeks relief in the nature of mandamus pursuant to G. L. c. 249, § 5, "relief is available only where the [plaintiff] demonstrates the absence of an adequate and effective alternative remedy."  Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1020 (2018).  Here, the plaintiff could have filed a complaint seeking declaratory and injunctive relief under G. L. c. 231A, § 1.  See Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 135-137 & n.9 (2013).  Moreover, the plaintiff could have sought relief through the grievance process described in G. L. c. 127, § 38E, and then sought judicial review in the Superior Court of any final adverse decision pursuant to G. L. c. 127, § 38H, and G. L. c. 30A, § 14.  See Fitzpatrick v. Department of Correction, 102 Mass. App. Ct. 617, 619 (2023) (department's "final decision with respect to an inmate grievance is subject to judicial review under G. L. c. 30A, § 14").  Indeed, the plaintiff represented to the single justice that he had pursued such a grievance.

In addition, relief in the nature of mandamus is inappropriate where a plaintiff "seeks to compel actions that are discretionary rather than ministerial" (quotation and

citation omitted).  Laura, 496 Mass. at 1031.  Here, the plaintiff asserted entitlement to work outside a correctional facility pursuant to G. L. c. 127, § 49, which provides that the commissioner of correction "may permit" such work.  In the same manner, the department's related regulations provide that the superintendent of a correctional facility "may authorize an eligible inmate" for work outside the facility.  103 Code Mass. Regs. § 464.11 (2017).  In sum, the plaintiff sought to compel discretionary actions, and relief in the nature of mandamus was therefore inappropriate.[3]  See Laura, supra.

Consequently, the judgment of the single justice is affirmed.[4]

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.
Jose L. Negron, pro se.

---

[3] Though seeking relief in the nature of mandamus, the complaint also mentions G. L. c. 211, § 3, such that "it is not clear whether the [plaintiff] sought relief under" that provision.  Gorbatova v. Lynn, 497 Mass. 1009, 1009 (2026).  "To the extent that the [plaintiff] sought relief under G. L. c. 211, § 3, it was properly denied [because] our superintendence power under that statute extends only to 'courts of inferior jurisdiction.'"  Id. at 1009 n.3, quoting G. L. c. 211, § 3.  Here, the complaint sought to compel the commissioner of the department and the superintendent of a department facility to take certain actions, as described supra.  As G. L. c. 211, § 3, does not empower this court to exercise superintendence over executive agencies, such relief is inappropriate here.  See Troila v. Department of Correction, 490 Mass. 1013, 1014 n.1 (2022).

[4] The plaintiff appears pro se.  "To the extent that he purports to represent not only himself but other similarly situated individuals as well, he may not do so."  Negron v. Commissioner of Correction, 494 Mass. 1018, 1019 n.5 (2024), citing Stevenson v. TND Homes I LLC, 482 Mass. 1006, 1006 n.1, cert. denied, 589 U.S. 1084 (2019).