NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1451

SUSAN CHEUNG & another[1]

vs.

THOMAS B. PUSCHAK & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Susan Cheung and Christopher Cheung,[3] appeal

a summary judgment dismissing their claims against the

---

[1] Christopher Cheung.

[2] Carol Puschak.

[3] We take this opportunity to note, as a Superior Court judge did at least twice, that Susan Cheung is not an attorney, and therefore, she may not represent Christopher, her adult son, in this appeal or assert rights on his behalf. "Although she of course may represent herself, she may not represent another." Stevenson v. TND Homes I LLC, 482 Mass. 1006, 1006 n.1, cert. denied, 589 U.S. 1084 (2019). See Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 82 (1988) ("person appearing pro se does not represent another").

defendants, Dr. Thomas Puschak and Carol Puschak, on res judicata grounds.[4]  We affirm.

The details of this case are well known to both parties. Accordingly, we need not undertake a full recitation of the background facts of this case.  Of course, "we view the facts of record in the light most favorable to the nonmoving party (i.e., the plaintiff[s]), as required by the summary judgment standard."  Earielo v. Carlo, 98 Mass. App. Ct. 110, 111 (2020).[5]

In December 2022, the plaintiffs filed a complaint against the defendants alleging that Dr. Puschak committed malpractice, sexually assaulted the plaintiffs, attempted to poison Christopher, and engaged in insurance fraud.  This first complaint was involuntarily dismissed in March 2023 as a sanction under Mass. R. Civ. P. 41 (b), 365 Mass. 803 (1974), for failure to comply with an order compelling the plaintiffs to submit a more definite statement under Mass. R. Civ. P. 12 (e),

_____

[4] The plaintiffs intersperse additional claims and contentions throughout their brief.  We have examined all their points and arguments.  That we have not addressed them means simply that "[w]e find nothing in them that requires discussion."  Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[5] We review a grant of summary judgment de novo to determine whether, "viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation omitted).  Casseus v. Eastern Bus Co., 478 Mass. 786, 792 (2018).

365 Mass. 754 (1974). Per Mass. R. Civ. P. 41 (b) (3), as amended, 454 Mass. 1403 (2009), the matter was dismissed with prejudice. The plaintiffs did not file an appeal. About six months later, the plaintiffs filed a second complaint against the defendants alleging, once again, that Dr. Puschak committed malpractice, sexually assaulted the plaintiffs, attempted to poison Christopher, and engaged in insurance fraud. In November 2024, a second judge determined that the matter was barred by res judicata and entered summary judgment for the defendants.

Claim preclusion prevents a party from relitigating a claim that has already been, or could have been adjudicated in another court proceeding and where there is a valid final judgment. Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 692 (2016). "For claim preclusion [to apply] . . . , three elements are required: (1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits." Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass. App. Ct. 386, 390 (1994). All three elements of claim preclusion are met here.

Because identity of the parties is not at issue, we turn to the remaining elements. In determining identity of the cause of action, we look to whether "it is derived from the same transaction or series of connected transactions." Saint Louis

3

v. Baystate Med. Ctr., Inc., 30 Mass. App. Ct. 393, 399 (1991). In the first matter, the plaintiffs argued, as they did in the second matter, that Dr. Puschak committed malpractice, sexually assaulted the plaintiffs, attempted to poison Christopher, and engaged in insurance fraud.  The claims are identical.

Last, the Superior Court's dismissal with prejudice of the first matter is a final judgment on the merits and satisfies the third element.  See Bagley v. Moxley, 407 Mass. 633, 637 (1990). Under Mass. R. Civ. P. 41 (b) (3), any dismissal of a complaint, other than a dismissal for lack of jurisdiction, improper venue, failure to join a necessary party, or improper damages, "operates as an adjudication upon the merits" unless either the dismissal is pursuant to Mass. R. Civ. P. 41 (b) (1), or the judgment of dismissal specifies otherwise.  See Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996).  None of those exceptions applies here, and thus the prior judgment operates as a final adjudication upon the merits.

4

We see no error in the judge's allowance of the defendants' motion for summary judgment.

<u>Judgment affirmed</u>.

By the Court (Desmond, D'Angelo & Smyth, JJ.[6]),

Clerk

Entered:  June 12, 2026.

---

[6] The panelists are listed in order of seniority.